## THE PEOPLE, Appellants, *v.* LAFARGE and BALL, Respondents.

The respondents were bail in a recognizance conditioned for the appearance of M., to answer at court, upon an indictment found against him, on the 19th April, 1852. M. appeared at the proper term, which was the June Term following, and on the 17th June moved to quash the indictment, for causes assigned, which was ordered by the court. Another indictment on the same charge was found by the grand jury, then in session, at the same term, on the 18th June, upon which M., being called, made default. Afterwards suit was brought upon the recognizance, against the bail, and judgment obtained thereon. Held, that the bail were entitled to relief against the said judgment.

The District Court is not limited by the present act as to the time within which it may grant relief upon a judgment unjustly or improperly obtained.

No particular form is required by the statute in which application shall be made for such relief. All that is required is, that the facts shall be set forth, and if they show a case coming within the rule, it is sufficient.

Where the application for such relief charges fraud, among other causes, and the applicant does not rely upon the fraud alone, for his relief, there is no error in the court granting the relief without first directing an issue to try the fraud.

Whether good cause is shown, is a question properly addressed to the discretion of the court.

All courts having chancery jurisdiction have power to set aside a judgment improperly obtained.

APPEAL from the Fifth Judicial District, County of San Joaquin.

This was an application, in the form of a bill in equity, for relief against a judgment, obtained by the appellants against the respondents, under the following circumstances:—

On the 9th December, 1852, the respondents petitioned the District Court, praying the court to vacate, annul, and set aside a judgment obtained by the appellants against them at October Term, 1852, on a recognizance given by respondents to appellants, and that they might be allowed to answer and have a trial on the merits of the questions involved, and in the mean time for an injunction to restrain the respondents from pursuing the said judgment.

The case exhibited the following facts :—An indictment was found against one Benjamin Marshall in the Court of Sessions of Joaquin County, on the 19th April, 1852, at the April Term, for an assault on one James B. Smith, with intent to commit murder ; and a warrant of arrest issued against Marshall, who was arrested thereon, and gave the recognizance above mentioned for his appearance to answer the said charge, which was signed by A. B. Lafarge, and H. M. Ball, the defendants, as bail.

At the June Term of said Court of Sessions, 1852, Marshall appeared, to answer to the charge, and a motion was made by his attorney, that the said indictment be set aside, for grounds set forth in the motion, and which was set aside by the court. The court then, on motion of the District Attorney, at the same term, re-submitted the case to the grand jury, then in session, who found a true bill against the said Marshall for the same crime, and which was returned and filed in the said Court of Sessions, on the 18th June aforesaid. On the 19th June, the defendant in the said indictment, Marshall, was duly called, and failing to appear, the recognizance of respondents, on motion of appellants' attorney, was forfeited. And upon the recognizance thus forfeited, the judgment was obtained, against which the defendants prayed to be relieved.

The action on the recognizance was commenced 1st July, 1852, and judgment had thereon by default, at October Term, 1852. The recognizance was dated May 5, 1852, in the sum of $3000, and recites that the indictment was found on the 19th April, 1852, in the Court of Sessions of San Joaquin County, charging Marshall with the crime, &c., and then proceeds to say, that the condition of the obligation is, that if the said Marshall shall appear and answer the charge, then this obligation to be void, otherwise of force, &c.

The court, having heard the case, ordered the judgment to be opened, with permission to the petitioners to answer, &c.

And from this order the plaintiffs appealed.

*Hastings*, Attorney-General, for appellants.

The Judge did not find the facts, and the cause falls within the rule of Russel *v.* Amador.

The District Court have no power to set aside a judgment of a previous term against a defendant on motion.

The respondents have filed a regular bill in equity, to set aside a judgment, on the ground of fraud, and have not applied by motion under the statute. The judgment was set aside, without trying the issue of fraud, all of which was irregular, and the Judge had no power to cancel a judgment of a prior term, except upon a finding of the fraud. A court of equity may cancel a judgment for fraud, but it must be established by an issue and trial.

*Yale* and *Perley*, for respondents.

The parties themselves have agreed upon the facts, and a statement thereof is contained in the record. The District Court has power to set aside a judgment of a previous term: Kerns *v.* Bidleman, May Term, 1852, decided by this court.

The court had power to set aside a judgment, at any time within a year, by the last Practice Act, sect. 68, now repealed. By the present act, the court is not limited to any particular period.

The charge of fraud was not relied upon alone, to sustain the motion, and the mere mentioning this would not vitiate the other grounds alleged.

This was not an original bill. The parties were not reversed. No answer was filed on behalf of the State. A rule was granted to the District Attorney, to show cause why the application should not be granted.

The only condition of the bond was, that the principal "should appear and answer to the court." This is not a statutory bond, taken according to the 523d sect. of the act of 1852, to regulate proceedings in criminal cases. It has none of the conditions of the statutory bond; it does not state when the party was to appear, or what charge he was to answer.

The obligors could only be compelled to have Marshall before the court to answer to the charge in the indictment of 19th April. His mere appearance was a full compliance with this condition, and this extinguished the bond.

Neither he nor his sureties knew of the finding of the second indictment; the bail were not required to produce him to answer

it: the forfeiture of the bond was therefore illegal, and as a penal bond it should have received a strict construction. 3 Yerger, 282; 6 do. 354.

The complaint on which the judgment was obtained, does not set forth the setting aside of the first indictment, and the finding of another at a subsequent term; there is no averment that the parties are bound to answer the latter by their recognizance. And yet this is the gist of the action, and the judgment was obtained on facts not set forth in the complaint; the defendants are therefore entitled to relief.

The defendants were deceived and misled by the complaint, and if this was done intentionally, it comes within the definition of fraud: "any artifice or deception used to circumvent or deceive another;" and thus fraud may be inferred, in a court of equity, from the facts and circumstances of the case.

Under the order of the court, the appellants have the right to answer, and to a trial on the merits.

HEYDENFELDT, Justice, delivered the opinion of the court.

This was a bill in equity, to set aside a judgment which was improperly obtained; the reasons assigned are, that there was no cause of action and no notice to the parties. This remedy is well recognized in all courts having chancery jurisdiction, and the case made out by the complainants is one which fully entitles them to the interposition of the court.

The Chancellor having heard the evidence, and decided that the parties were entitled to the relief sought, we see nothing, either in the pleadings or statement of the case, which will authorize this court to disturb the decree.

Affirmed, with costs.

WELLS, Justice, concurred, and delivered the following opinion.

The record and the statement agreed upon between the parties, amply disclose a state of facts that would entitle the defendants to relief from the judgment obtained against them in the court below; and the only questions remaining for us to consider are, first: Whether the District Court has the power to grant

such relief? and second: Whether, admitting that it had such power, a proper case was made out for the exercise of it?

The power of the court, under the 68th Section of the Practice Act, to relieve the defendants from the judgment, in case the same were taken against them through their inadvertence, surprise, or excusable neglect, is expressly admitted by the District Attorney, in the grounds of appeal set forth by him in the record, but the Attorney-General controverts this doctrine by his associate, and insists that it has been repeatedly intimated, and in one case decided in this court, by an opinion delivered by Judge MURRAY, that after the term at which a judgment is rendered against a defendant regularly summoned, the District Court has no power to set aside a judgment of a previous term. We have no recollection of such a decision, and as the Attorney-General does not cite the case relied upon by him, no opportunity is afforded us of examining it; but if he cites correctly, the decision has been overruled in Kewen v. Biddleman, May Term, 1852, wherein Judge MURRAY concurred, and in which the very opposite doctrine was held; indeed, the language of the act is too explicit to admit of such a restrictive conclusion as the Attorney-General would have placed upon it. By the last Practice Act, now repealed, Section 68, the court had power to set aside a judgment upon the same grounds, at any time *within one year* after notice thereof; by the present act, the like power is given, and the court is not limited in the exercise of it to any particular period. So far, then, from abridging, the legislature intended by the present act to enlarge the powers of the court in this respect, and to relieve a party from an unjust or improperly obtained judgment, at any time, upon good cause being shown. The power thus extended to the court is a safe and salutary one, and, indeed, is absolutely necessary for the due administration of justice. In the interior, or remote districts, the terms are of brief duration, lasting sometimes only a single day, or a week at most, and the districts embrace a wide extent of territory; if the doctrine contended for by the Attorney-General were to obtain, a defendant would be remediless where an oppressive and unjust judgment had been obtained by default against him, and that,

too, perchance, upon the last day of the term, and even where he had a most meritorious defence.

The next objection to the order of the court appealed from, is based upon the nature of the proceedings on which it was granted. It is said that the application " is a regular bill in equity, to set aside a judgment on the ground of fraud." We do not so regard it. It does not purport to be a complaint in a new action, nor are the titles of the parties, plaintiff and defendant, reversed or enlarged, but are the same as in the original suit: no summons was issued in the manner required by law for the commencement of civil actions: no answer was required, and none was filed, nor was relief sought upon the ground of fraud alone, but upon all the material allegations set forth in the application; the relief asked for was such as the court had the power to grant under the 68th section; and upon the application, a rule was issued to the District Attorney—the attorney of record in the case—requiring him to show cause why it should not be granted, In this we cannot discover anything necessarily constituting an original bill in a suit in equity. The statute does not require that the application shall be made in any particular form, or by any special proceeding, either by petition or otherwise: it empowers the court to grant the relief upon an affidavit showing good cause therefor, and it is not material in what particular form the application was made, nor was it necessary that the precise words " mistake, surprise, inadvertence, and excusable neglect," should be employed in the application, but only that the facts should be set forth, and if they showed a case coming within the rule, it was a sufficient showing.

It having among other allegations been charged that the judgment had been obtained through fraud, the Attorney-General insists that the order setting aside the judgment was irregular : that the court had no authority to grant such order without trying the issue, and finding the frauds; and that there must be an issue made and a trial had establishing the frauds. His position might be maintained in an action brought to set aside a judgment on the ground of fraud, but it can have no standing in the present case, to which it in no manner applies. The same may be said of the rule in Russel *v.* Amador, cited by him.

The rule there laid down is, that a judge sitting as a jury and trying a case, must find the facts upon which he renders a verdict; in the present case no issue is found, no trial had, no verdict rendered: it is difficult to conceive what the rule in Russel *v.* Amador can have to do with it.

The charge of fraud may have been, not improperly, added to the grounds upon which the defendants sought for relief: they do not rely upon the allegation of fraud alone, and the mere charge, even if unsustained, did not destroy the merits of the application, and if established, might tend to show that through its means the defendants were induced to fall into mistake, were taken by surprise, or were misled into excusable neglect.

Whether good cause was shown for the opening of the judgment and permitting the defendants to come in and answer, was a question properly addressed to the discretion of the court below, and we cannot discover that such discretion was in the slightest degree abused; on the contrary, from a full examination of the case, we are satisfied that it was properly exercised. The order of the court is therefore affirmed, with costs to the respondents.