[No. 9,026.    Department One. — February 12, 1884.]

## A. G. PETERSON, RESPONDENT, v. WEISSBEIN BROTHERS & CO. ET AL., APPELLANTS.

EQUITY — LEGAL HOLIDAY. — A court of equity will not set aside a judgment of a court of law on the ground that the complaint was filed on a legal holiday, when there is no averment in the bill and nothing in the record to indicate that the debt for which the judgment was given was not justly due, and when it appears that the applicant for equitable relief had ample opportunity in that action, and negligently omitted to make the point now relied upon by him.

JUSTICES' COURT — ORDER — PRESUMPTION — APPEAL. — An order of a justice of the peace refusing to set aside a sale of property under execution, will be presumed to have been correct unless the contrary appears. The party aggrieved could have the action of the justice reviewed by the Superior Court on appeal.

APPEAL from a judgment of the Superior Court of the county of Nevada.

The facts appear in the opinion of the court.

*A. Burrows*, for Appellants.

The respondent is not entitled to equitable relief while he admits the indebtedness as sued for. (*Logan* v. *Hillegass*, 16 Cal. 202; *Quinn* v. *Wetherbee*, 41 Cal. 247.) The Justices' Court had jurisdiction. No mere irregularity could invalidate the judgment. (*Lynch* v. *Kelly*, 41 Cal. 232; *Hunter* v. *Hoole*, 17 Cal. 420; *Whitwell* v. *Barbier*, 7 Cal. 64;

Freeman on Judgments, §§ 126, 135.) In filing a complaint, a justice of the peace acts ministerially. (*Tompkins* v. *Sands,* 8 Wend. 466; 6 Wend. 603; Code Civ. Proc. §§ 93, 104; *Whitney* v. *Butterfield,* 13 Cal. 343; *Tregambo* v. *Comanche M. Co.* 57 Cal. 506.) An execution sale of property *en masse* is not a nullity. The statutory mode of sale is merely directory. The remedy for the alleged irregularity was by motion in the Justices' Court and appeal. (Freeman on Void Judicial Sales, § 37; 63 Mo. 330; 38 Cal. 654; Code. Civ. Proc. § 980; *S. P R. R. Co.* v. *Superior Court,* 59 Cal. 474; 60 Cal. 427; *Boles* v. *Johnston,* 23 Cal. 226; Rorer on Judicial Sales, §§ 466, 467.)

*A. J. Ridge,* for Respondent.

Filing a complaint is judicial business. September 9, 1882, was a legal holiday, and no judicial business could be transacted on that day. (Code Civ. Proc. §§ 10, 133, 134; 2 Abbott's Law Dict. 556; 38 Wis. 388; Wait Pr. 228; Freeman on Judgments, § 138; *Adams* v. *Dohrman,* 63 Cal. 417.) The judgment was void. (*Belcher* v. *Chambers,* 53 Cal. 639; *Galpin* v. *Page,* 18 Wall. 350; *Pennoyer* v. *Neff,* 95 U. S. 714.) The sale of the property under execution *en masse* was irregular, and may be set aside on motion or by proceedings in equity (*San Francisco* v. *Pixley,* 21 Cal. 57; *Browne* v. *Ferrea,* 51 Cal. 553; *Vigoureux* v. *Murphy,* 54 Cal. 346; *City of Los Angeles* v. *Signoret,* 50 Cal. 298.)

Ross, J. — The object of this suit, in which the plaintiff was successful in the court below, was to obtain a decree annulling a certain judgment rendered by a justice of the peace and a certain sale of real property made under an execution issued upon the judgment. The complaint in substance charges that the defendant, Weissbein Brothers & Co., a B. & B. corporation, is, and was at the times mentioned in the complaint, a corporation organized and existing under the laws of the State, and as such on the 9th of September, 1882, placed in the hands of a certain justice of the peace a certain promissory note executed by the plaintiff herein for $98.95, payable sixty days after its date to one Walker or order, and which note was indorsed by Walker. That the justice of the peace, on said 9th of September, filed the

note as a complaint, and in his docket entered the cause of Weissbein Brothers & Co., a B. and B. corporation, plaintiff, against A. P. Peterson, defendant, and thereupon issued a summons in the action, which was served upon the defendant therein — plaintff here — and, at the same time, there was also served upon the defendant therein — plaintiff here — another or alias summons, which was issued in the action by the justice of the peace on the 19th day of September, 1882. The complaint in the present action further charges that the plaintiff here, defendant in the action before the justice of the peace, failed to answer the complaint therein, and on the 26th day of September the justice of the peace rendered and entered a judgment in the action in favor of the plaintiff and against the defendant therein for the sum of $116.90, on which judgment an execution was, on the next day, issued and placed in the hands of the constable of the township, who levied it upon the land, which is alleged in the complaint in this action to have consisted of two separate and distinct tracts, and to have then and since been the property of the present plaintiff. The complaint further charges that, after notice, the constable sold the land at public auction to the plaintiff in the action — the defendant corporation here — for the sum of $128.40, and that thereafter, and on the 21st of October, 1882, the constable executed to the defendant Goldberg a certificate of sale for the land, which was duly recorded in the recorder's office of the county where the land is situate, and which, it is alleged, "still remains of record and is a cloud upon plaintiff's title and if not removed would involve him in litigation and might cause the loss of his said property." It is also charged in the complaint that the 9th of September, 1882, was a legal holiday, and, further, that the constable levied upon and advertised the land for sale as separate and distinct parcels, but nevertheless sold the same in one body, for which reason plaintiff here moved the justice of the peace to set aside the sale, but his motion in that behalf was denied.

The findings of the court below are in substantial conformity to the facts alleged in the complaint. The judgment decrees null and void the judgment entered in the Justices' Court and the execution sale thereunder, and quiets the plaintiff's title to the property as against the defendants to this action and all

persons claiming under them, and perpetually estops defendants and all persons claiming under them from setting up any title or claim thereto. With respect to the judgment given in the Justices' Court, the sole point relied upon by the plaintiff here is, that the complaint on which that judgment was rendered was filed on a legal holiday and that therefore there was in contemplation of law no filing, and as a legal consequence that all subsequent proceedings in the action were utterly void and of no effect. There is in the complaint no averment, nor is there anything in the record to indicate that the debt for which judgment was given in the Justices' Court was not justly due from the defendant to the plaintiff in that action. It is not pretended that judgment there was obtained by means of any fraud or surprise, nor that the present plaintiff had any defense to that action upon the merits. It is only claimed that the judgment there given was void because the complaint in the action was filed on a day that had been, by the governor of the State, declared a legal holiday, of which, however, the court below finds the justice of the peace and the plaintiff in the case were in fact ignorant. The case, in truth, is one in which a party asks a court of equity to relieve him of a judgment rendered by a court of law for a debt which he does not deny, but impliedly, at least, admits owing, and which judgment was rendered in an action in which he had ample opportunity to make the point he now relies on, but of which he negligently omitted to avail himself. Under such circumstances it is clear that a court of equity should withhold relief. (*Gregory* v. *Ford*, 14 Cal. 142, and cases there cited.) As respects the sale of the land in one parcel, it appears, as has already been said, that the plaintiff here made a motion in the Justices' Court to have the sale set aside on the ground that the property was not separately sold, which motion was denied; but why, does not appear. Nothing to the contrary appearing, the presumption is that the motion was properly denied. If aggrieved he could have had the action of the Justices' Court reviewed by the Superior Court on appeal from the judgment. (Code Civ. Proc. § 980.)

Judgment reversed and cause remanded.

McKINSTRY, J., and McKEE, J., concurred.