[Civ. No. 5309.    First Appellate District, Division One.—December 24, 1925.]

## C. W. McCARGAR, Appellant, v. H. G. BITTLESTON LAW & COLLECTION AGENCY (a Corporation) et al., Respondents.

[1] JUDGMENTS—FRAUD—EQUITY—PLEADING—SURPLUSAGE.—In an action in equity to annul a judgment obtained against plaintiff in a justice's court, where the complaint is on one count, and there is an obvious attempt to set forth two distinct causes of action without separately stating them, first, a cause of action to annul said judgment upon the ground of extrinsic fraud, and, second, a cause of action to nullify the judgment upon matters intrinsic to the record, and the substance of the first cause of action, if sufficiently pleaded, would serve as legal grounds for relief in equity, but the facts alleged in the second cause of action could not be the basis of such relief, and the demurrer to the complaint is upon general grounds, the facts relating to the second cause of action should be treated as surplusage and consideration given to the first cause of action only.

[2] ID.—RIGHT TO NOTICE BEFORE ENTRY OF JUDGMENT—FRAUD.—Where, following the service of summons in the justice's court action, the plaintiff in said action agreed with the defendant therein that, if the latter would pay the amount sued for in specified monthly installments, he need not make answer or in anywise plead in said action until further notice in writing, defendant was entitled to such written notice before further court action could be taken against him, and the act of plaintiff in thereafter taking judgment without giving such notice constituted fraud, notwithstanding defendant may have breached his agreement as to the payment of the indebtedness.

[3] ID.—NUDUM PACTUM—RELIANCE UPON BY DEFENDANT—CHANGE OF POSITION.—Said agreement to accept installment payments was not mere *nudum pactum*, giving plaintiff the right at any time thereafter to disregard same, where defendant in reliance upon said agreement paid about one-fourth of the amount due on the indebtedness but, notwithstanding such payment, plaintiff caused a default judgment to be entered against defendant for the full amount sued for, thereby changing defendant's position for the worse to the extent of depriving him of the benefit of the credit for the amount paid by him under the agreement.

1. See 21 Cal. Jur. 108.
2. See 15 Cal. Jur. 17; 15 R. C. L. 766.

[4] Id.—Erroneous Judgment—Pleading.—In defendant's action in equity to set aside said default judgment against him on the ground of fraud, there was no merit in the contention that the complaint in equity failed to allege facts showing that said judgment entered in the justice's court was wrong or that the result would be different if a trial were had upon the merits, where it was alleged that said default judgment was for the full amount of the indebtedness sued for, notwithstanding after the commencement of the action and before the entry of said judgment defendant had paid about one-fourth of said amount.

[5] Id. — Fraud — Remedies — Equity — Prior Motion to Vacate. — Where, following the receipt of notice of the entry of the default judgment against him, said defendant presented a motion to have said judgment set aside, and said motion was denied, he was not required to go further and obtain a final determination of the matter on appeal before he could proceed in equity to have said judgment annulled on the ground of fraud.

---

(1) 31 Cyc., p. 70, n. 92.    (2) 35 C. J., p. 663, n. 36 New.    (3) 13 C. J., p. 357, n. 82.    (4) 35 C. J., p. 683, n. 20 New.    (5) 35 C. J., p. 681, n. 91, p. 682, n. 93.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

J. W. Hocker for Appellant.

H. G. Bittleston and Edward Judson Brown for Respondents.

KNIGHT, J.—This is a suit in equity to annul a judgment obtained by H. G. Bittleston Law and Collection Agency, a corporation, defendant herein, against C. W. McCargar, plaintiff herein, in the justice's court of Los Angeles township, Los Angeles County, for the payment of the sum of $62.02 principal and $5 costs, upon the ground that said judgment was obtained through extrinsic fraud and upon the further ground that the assignment of the claim upon which the action was brought was void as being against public policy. A general demurrer to the complaint was sustained by the court with leave to amend. Plaintiff declined to amend, and judgment of dismissal of the action followed. Plaintiff appeals.

It is alleged in the complaint that the appellant, McCargar, "became indebted to one R. G. Muhleman . . . and on the 13th day of October, 1922, owed said· R. G. Muhleman the sum of $62.02, as a balance of an account for goods, wares and merchandise"; that on said last-mentioned date the respondent corporation, as assignee of the Muhleman claim, commenced an action against appellant in said justice's court to collect the amount due on said claim, and that summons in said action was served on appellant on February 21, 1923; whereupon, it is alleged, an agreement was entered into between Bittleston, the manager of respondent corporation, and appellant "to the effect that upon the payment of the sum of five dollars per month, commencing on said 21st day of February, 1923, and continuing monthly thereafter until the sum of $62.02 had been paid on said account of R. G. Muhleman, that said suit then pending in said Justice Court would be dismissed at the costs of the plaintiff, and that pending said payments this defendant need not make answer or in anywise plead in said action in said Justice Court, until further notice, in writing . . . " The complaint then alleges that, relying on said agreement, appellant made three payments of $5 each on February 23, 1923, April 3, 1923, and April 25, 1923, respectively; that notwithstanding said agreement the respondent corporation on May 28, 1923, without notice to appellant, caused judgment to be entered in said justice's court action against appellant for the full amount sued for, to wit, the sum of $62.02 principal and $5 costs; that appellant on June 2, 1923, received notice by mail of the entry of said judgment and on June 4, 1923, served respondent corporation with notice of motion to set aside and vacate said judgment, and offered in writing to carry out said installment payments upon the setting aside of said judgment, but that respondent corporation opposed the granting of said motion and the same was denied. The complaint also contains allegations to the effect that appellant "is informed and has good reason to believe" that the respondent corporation obtained an assignment of said claim under a champertous and barratrous agreement, and it is alleged that therefore the judgment obtained in pursuance thereof was "unjust and inequitable, and unlawful, and should be vacated and set aside." It

furthermore appears that, although the statute (Code Civ. Proc., secs. 974 and 975) gave appellant thirty days after notice of rendition of judgment, or until July 3, 1923, within which to appeal to the superior court upon questions of law from said justice's court judgment, under which appeal the superior court would have had jurisdiction to review all orders affecting the judgment appealed from, and to "set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon such judgment" and "if necessary or proper order a new trial" (Code Civ. Proc., sec. 980; *Wells* v. *Torrance,* 119 Cal. 437 [51 Pac. 626]), appellant failed to take such appeal. Instead of pursuing that remedy he brought this suit on June 14, 1923.

[1] Although said complaint is in one count, there is an obvious attempt made to set forth two distinct causes of action without separately stating them; first, a cause of action to annul said judgment upon the ground of extrinsic fraud, and, secondly, a cause of action to nullify the judgment upon matters intrinsic to the record, namely, an alleged void assignment of the claim upon which the justice's court action was based. The substance of the first cause of action, if sufficiently pleaded, would serve as legal grounds for relief in equity, but the facts alleged in the second cause of action, in our opinion, cannot be the basis of such relief. The demurrer was upon general grounds, however, and, consequently, the charges of champerty and barratry should be treated as surplusage and consideration given to the first cause of action only.

[2] The particular reason for holding the complaint insufficient for want of facts does not appear, but respondents endeavor to support the order sustaining the demurrer upon four separate grounds, the first of which is that it affirmatively appears from the complaint that appellant breached the agreement to pay $5 a month on said indebtedness, and, consequently, the respondents were entitled to cause a default judgment to be entered against him. The complaint further alleges, however, that part of said agreement was that no further proceeding would be taken in said justice's court action without written notice being given to appellant, which notice, the complaint alleges, respondents failed to give. Apparently it was only in con-

templation of such breach by appellant that notice was required to be given at all. Therefore, assuming that appellant did breach said agreement, he nevertheless was entitled to written notice before further court action could be legally taken against him, and it was the failure to give such notice which constitutes the alleged fraud.

[3] Secondly, the contention is made that said oral agreement was not supported by a valid consideration, and, therefore, the promise of respondents to accept installment payments was mere *nudum pactum,* citing in support of this point the case of *Heim* v. *Butin,* 109 Cal. 500 [50 Am. St. Rep. 54, 42 Pac. 138]. In that case defendant agreed that he would not enter a deficiency judgment against the plaintiff in a foreclosure suit, and the court said: "The defendant had a clear and undoubted right to such a deficiency judgment, and the plaintiffs neither gave nor agreed to give or confer any benefit in consideration of its release, nor did they agree to suffer any prejudice or forego any advantage. The promise of the defendant was, therefore, mere *nudum pactum.* But plaintiffs say they relied upon it, and acted upon it, and therefore the defendant is estopped from alleging or relying upon a want of consideration. This would be so if it appeared that their position was changed for the worse in consequence of their reliance on defendant's promise, but nothing to that effect is alleged." In the instant case appellant alleges that, relying upon the agreement, he paid about one-fourth of the amount due on the indebtedness, and that, notwithstanding such payment, respondents caused a default judgment to be entered against him for the sum of $62.02, which was the full amount sued for. Appellant's reliance upon said agreement did, therefore, change his position for the worse to the extent of depriving him of the benefit of the credit for the amount of money paid in pursuance of said agreement. For that reason his situation does not fall within the operation of the rule stated in *Heim* v. *Butin, supra.*

[4] The third point urged by respondents is that the complaint fails to allege facts showing that the judgment entered in the justice's court is wrong or that the result would be different if a trial were had upon the merits (*Painter* v. *Painter,* 133 Cal. 129 [65 Pac. 311]; *Peterson*

v. *Weissbein Bros. & Co.*, 65 Cal. 42 [2 Pac. 730]; *Collins* v. *Scott*, 100 Cal. 446 [34 Pac. 1085]; *Reed* v. *Bank of Ukiah*, 148 Cal. 96 [82 Pac. 845]). This proposition is based upon appellant's admission that at the time of the commencement of the justice's court action he owed the sum of $62.02, for which amount the judgment was afterward entered. In making this contention respondents seem to lose sight of the fact that the appellant alleges payment of $15 between the time of the commencement of the action and the entry of judgment, for which amount, if his allegation of payment be true, he would doubtless be given credit in the rendition of a judgment upon trial. It does appear, therefore, that if a trial were had upon the merits a different judgment would be rendered.

[5] The concluding contention urged by respondents is that appellant may not invoke jurisdiction in equity because he failed to prosecute an appeal from the judgment rendered in the justice's court, citing *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127 [47 Pac. 1016]. The effect of the rule stated in that case is merely that where it lies within the power of the court which rendered the judgment to set aside said judgment under section 473 of the Code of Civil Procedure, upon the grounds of mistake, inadvertence, surprise, or excusable neglect, a motion to accomplish that purpose must be made by the aggrieved party, before he is entitled to invoke jurisdiction in equity. But neither in that case nor any other, so far as our attention has been called, is it held that the aggrieved party must go beyond the presentation of such motion, and obtain a final determination of the matter on appeal before he may proceed in equity. The complaint here shows that appellant did present a motion to set aside said judgment and said motion was denied. It would therefore seem that he was required to go no further before resorting to equity (*Estudillo* v. *Security Loan etc. Co.*, 149 Cal. 556 [87 Pac. 19]).

Respondents having failed to point out wherein said complaint is insufficient as against attack by general demurrer, the judgment appealed from must be reversed and the cause remanded, with instructions to the superior court to overrule the demurrer. It is so ordered.

Tyler, P. J., and Cashin, J., concurred.