[L. A. No. 8337. In Bank.—July 23, 1927.]

A. M. BLODGETT, Plaintiff and Cross-Defendant, v. J. S. DARBY et al., Defendants, Cross-Complainants, and Respondents; BERT HANNEMAN, as Administrator, etc., Defendant, Cross-Defendant, and Appellant; PACIFIC–SOUTHWEST TRUST & SAVINGS BANK (a Corporation), Intervener and Respondent. ·

[1] QUIETING TITLE—PLEADING—CONSTRUCTION OF PLEADINGS.—Where a plaintiff brought an action to quiet title to a certain lot of land, the complaint being in the usual form, and the defendants and intervener by their pleadings set up the defense that the land had been openly and continuously used as a public highway for more than ten years and was also subject to a private easement on behalf of abutting owners for highway purposes, and they asked that their easement be quieted and that cross-defendants be barred from asserting any interest in the lot adverse to the easements, the pleadings may properly be construed as causes of action to determine adverse claims to real property, as authorized by section 738 of the Code of Civil Procedure, and upon appeal on the judgment-roll alone it must be assumed that the case was tried on the theory that the cause was one to determine adverse claims to real property, and the fact that the pleadings might be considered as broad enough to constitute an attempt to abate an existing or to prevent a threatened obstruction in a public street may be discarded as surplusage, as the parties have the right to have their private easements established regardless of the fact that the same obstructions, existing or threatened, might also constitute an obstruction of public right of travel.

---

(1) 4 C. J., p. 738, n. 62, p. 777, n. 69; 28 Cyc., p. 856, n. 68; 31 Cyc., p. 120, n. 86; 32 Cyc., p. 1363, n. 53.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. S. Sayre, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. W. Clapp for Defendant, Cross-Defendant, and Appellant Bert Hanneman.

Emmet H. Wilson for Plaintiff and Cross-Defendant.

H. T. Morrow for Defendants, Cross-Complainants, and Respondents and Intervener and Respondent.

SHENK, J.—Plaintiff brought this action to quiet his title to lot "A" of the North Long Beach tract in Los Angeles County. The complaint is in the usual form. The defendants J. S. Darby and Beulah K. Darby, his wife, answered, denying the plaintiff's title, admitting that they claim an interest in said property and as a separate defense alleged that they are the owners of an acre of land abutting on the entire west side of lot "A," that said lot "A" has been a highway, openly, continuously, and notoriously used by the public and by abutting property owners as a public highway for more than ten years prior to the commencement of this action, and that said lot "A" is subject to a private easement on behalf of abutting property owners for highway purposes. The Darbys also filed a cross-complaint to the same effect as the separate defense set up in their answer. Appended to each pleading was a prayer that their easement in said lot "A" be quieted and that the cross-defendants, of which the defendant A. W. Hanneman was one, be barred from asserting any interest in said lot "A" adverse to their easement rights. The defendant A. W. Hanneman also answered, denying plaintiff's title, and as a special defense set up sole ownership and title in himself. He died prior to the trial of the action and the defendant Bert Hanneman, as administrator of his estate, was substituted in his place and stead. The Pacific-Southwest Trust & Savings Bank, by leave of court, filed a complaint in intervention in which it alleged that it is the owner of lots 1 and 25 of said North Long Beach tract; that said property immediately adjoins lot "A"; that the intervener claims an

interest in lot "A" in the nature of a private easement thereon as an abutting owner; that the plaintiff Blodgett and defendant Hanneman threaten to erect obstructions on lot "A" which will prevent its use as a public street and that their claims adverse to the intervener's easement over it have greatly diminished the value of the intervener's property. The intervener prayed that all adverse claims in and to said lot "A" be determined by the court and a decree entered accordingly; that the intervener's easement over the same be quieted and that the assertion of the claims of all parties adverse to said easement be forever barred.

Issue was joined on all the pleadings and after trial the court found that the plaintiff has no right, title, or interest in or to said lot "A"; that the defendant administrator of the estate of A. W. Hanneman, deceased, is the sole owner in fee simple and entitled to the possession of lot "A" subject to the easement of the public to use the same as a public street and subject also to the private easements thereon and thereover of the defendant J. S. Darby and the intervener. A judgment thus determining the various claims and interests in and to said lot "A" and enjoining the plaintiff and the defendant administrator of the estate of Hanneman from asserting any claim in or to said lot "A" adverse to the use thereof as a public highway or adverse to the private easements of the defendant Darby and the intervener was accordingly entered. From the judgment the defendant administrator of the estate of Hanneman only has appealed. The appeal is on the judgment-roll alone.

[1] The appellant makes no attack on the sufficiency of the judgment itself, nor does he claim that the findings do not support the judgment, nor that the findings are defective, inconsistent, or outside the issues raised by the pleadings. The sole contention of the appellant is that the cross-complaint of the Darbys and the complaint in intervention do not state facts sufficient to constitute causes of action to abate a public nuisance. It is insisted that such is the nature of such pleadings and that the same are defective, for the reason that under the law a private person may not maintain an action to abate a public nuisance when the injury he suffers is the same in kind as that sustained by the general public and that there is no allegation in either of said pleadings that the highway in question constitutes

the only mode of ingress and egress to or from the lands of the Darbys and the intervener. The appellant cites *Hitch* v. *Scholle,* 180 Cal. 467 [181 Pac. 657], as authority to the effect that said pleadings do not state a cause of action to abate a public nuisance. If it be granted that said pleadings may be construed as including an attempt to allege the existence or threatened creation of a public nuisance and that there is no sufficient allegation of special injury therein it may also be said that they likewise may be construed as setting up interests in and to lot "A" in the nature of private easements on behalf of abutting property owners. In their essential averments said pleadings may properly be construed as causes of action to determine adverse claims to real property as authorized by section 738 of the Code of Civil Procedure. The original complaint of the plaintiff was framed on that theory. The pleading of the appellant was framed on that theory and all subsequent pleadings were intended to and do conform in all their essential characteristics to the same theory. Since the appeal is on the judgment-roll alone it must be assumed that the case was tried on the theory that the cause was one to determine adverse claims to real property. The fact that the pleadings might be considered as broad enough to constitute an attempt to abate an existing or to prevent a threatened obstruction in a public street, and therefore defective under the doctrine of the Hitch case, still, if the pleadings allege facts which might constitute two or more causes of action, a liberal construction of the pleadings directed by section 452 of the Code of Civil Procedure would impel the conclusion that the causes of action defectively averred may be discarded as surplusage and the causes of action to determine adverse claims and to quiet title to private easements be given full application as a predicate to the determination of the rights of the parties. (*Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 118, 122 [125 Am. St. Rep. 47, 92 Pac. 70]; *German-American Sav..Bank* v. *Gollmer,* 155 Cal. 685, 687 [102 Pac. 932]; *Townsend* v. *Driver,* 5 Cal. App. 581, 583 [90 Pac. 1071].) Assuming that the alleged injury to the public right of the Darbys and of the intervener would afford them no right to maintain an action for damages or for an injunction without an allegation of special damages, nevertheless, as abutting owners, they have the right to have their private

easements established regardless of the fact that the same obstruction, existing or threatened, might also constitute an obstruction to their public right of travel. (*Williams* v. *Los Angeles Ry. Co.*, 150 Cal. 592, 594 [89 Pac. 330].) From the record it is obvious that the trial court proceeded on the theory that said pleadings were sufficient to present issues for the determination of private rights, and, as the evidence is not before us, it must be assumed in support of the judgment that the evidence was sufficient to support the findings.

The judgment is affirmed.

Waste, C. J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.