[Civ. No. 16578. First Dist., Div. One. Feb. 16, 1956.]

GEORGE BETTENCOURT, Appellant, v. STATE OF CALIFORNIA et al., Defendants; C. G. KELLETT et al., Respondents.

Jacobsen & Tobin for Appellant.

Edmund G. Brown, Attorney General, John E. Fourt, Deputy Attorney General, Robert E. Reed, Robert F. Carlson and Ropers & Majeski for Respondents.

Roger Arnebergh, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, and Moses A. Berman, Deputy City Attorney, as amici curiae on behalf of Respondents.

BRAY, J.—Plaintiff's appeal from a judgment of nonsuit based upon his opening statement raises the question of whether his complaint alleged a cause of action for negligence against defendants.*

## THE COMPLAINT

The complaint primarily charged the State of California and defendants as officers, agents and employees of the state, with maintaining the Dumbarton Bridge in a dangerous and defective condition in failing to provide adequate lighting and warning devices to warn persons driving their vehicles over the bridge of the elevating of the draw. It alleged all of the conditions required to bring the case within Government Code, section 1953 (dangerous or defective condition of public property). Additionally it alleged that while plaintiff was operating his automobile over the bridge defendants, who were working in the scope of their employment by the state and in control of the bridge, without any warning or notice to plaintiff and knowing of the defective and dangerous condition aforesaid, raised the center section of the bridge, thereby causing plaintiff's automobile to smash into the elevated portion of the bridge roadway; that thereafter defendants lowered the bridge on the automobile, further smashing said automobile, thereby causing plaintiff serious per-

---

*In *Bettencourt* v. *State*, 123 Cal.App.2d 60 [266 P.2d 201, 43 A.L.R. 2d 545], this court affirmed a judgment sustaining without leave to amend the demurrer of the State of California, originally joined as a defendant, on the grounds of the state's sovereign immunity. "Defendants" as used throughout refers to defendants Kellett and Berg.

sonal injuries; that his injuries were caused by the "negligence and carelessness of the defendants . . . and as a direct result of the defective and dangerous condition described." The complaint alleged the filing and service upon all defendants of the claim required by section 1981, Government Code.

## THE OPENING STATEMENT

Plaintiff stated that he would prove that while he was crossing the bridge defendants (one of whom was toll taker and the other bridge tender) raised the center section of the bridge without warning, causing plaintiff's car to crash into it; that at the time none of the protective devices such as the barrier, wigwag, etc., which normally were used to give warning of the raising of the bridge, were in operation, which fact was known to defendants. Notwithstanding that fact and without taking any precautions to warn plaintiff, defendants raised the bridge. "The issues raised by the complaint are the negligence of the defendants Berg and Kellett in raising this bridge at a time when they knew these conditions existed, and failing to take proper steps to warn or protect the public, and that that conduct on their part was not the conduct of the ordinarily prudent person and that that conduct was negligent and that that negligence on their part proximately contributed to the injuries received by Mr. Bettencourt."

Defendants then moved for a nonsuit primarily upon the ground that the action was one under section 1953 and plaintiff had not offered to prove all the requirements of that section (for example, that defendants had authority and funds with which to repair the defective condition). Plaintiff then pointed out that he was not attempting to establish a liability under that section but under the common law liability of a person for negligence. The court granted the motion.

## NEGLIGENCE CAUSE OF ACTION

Generally speaking a plaintiff can bring two types of actions for tort against public officers or employees: (1) He can sue them in their private and individual capacity. This is the normal common law tort action against an individual. (See 21 Cal.Jur. 908.) This type of action requires as additional to the pleading of negligence, compliance only with section 1981 (the filing of a claim). (2) He can sue them in their official capacity as municipal officers or employees.

This type of action requires not only the filing of a claim under section 1981 but the requirements of section 1953 must also be alleged and proved.

While it is true that the complaint was drawn to bring defendants and the State of California under the provisions of section 1953, it also was broad enough to include a charge of negligence against defendants on the ground of raising the bridge in the face of plaintiff's oncoming car without warning and knowing that the warning devices were defective or not in operation. The complaint is reasonably susceptible to the interpretation that it set forth two causes of action, one under section 1953 in which it attempted to include the state, and one of general negligence against defendants acting as individuals and not within the scope of their employment by the state. The complaint is not a model of pleading and would have been subject to a special demurrer because of not separately stating the causes of action. But no such demurrer was interposed. (See *Oppenheimer v. City of Los Angeles,* 104 Cal.App.2d 545, 549 [232 P.2d 26] (surplus allegations must be disregarded as against a general demurrer); *McCargar* v. *H. G. Bittleston Law & Collection Agency,* 75 Cal.App. 770 [244 P. 110].) See also *Blodgett* v. *Darby,* 201 Cal. 639, 642 [258 P. 373]: ". . . if the pleadings allege facts which might constitute two or more causes of action, a liberal construction of the pleadings directed by section 452 of the Code of Civil Procedure would impel the conclusion that the causes of action defectively averred may be discarded as surplusage . . ." ". . . a plaintiff may recover if his complaint 'states *any* cause of action entitling the plaintiff to *any* relief at law or in equity.' (*Hayden* v. *Collins,* 1 Cal.App. 259, 261 [81 P. 1120].)" (*Zellner* v. *Wassman,* 184 Cal. 80, 88 [193 P. 84].)

Defendants contend that if a negligent or defective condition of public property contributes in any way to the negligence of a state employee section 1953 relieves the employee of any liability unless the conditions of that section apply. Thus here, say defendants, they are excused from liability because no matter how negligent in the operation of the lift they may have been, the lack of operating warning devices contributed to plaintiff's injury. Section 1953 states that no "officer" of the state* is liable for any damage or

---

*We are assuming for the purposes of this question that a bridge tender and a toll taker are "officers" of the state under section 1953. Actually, it is very doubtful that they are.

injury to person or property "resulting from the defective or dangerous condition of any public property" unless all of the matters set forth appear. The first requirement is "The injury sustained was the direct and proximate result of such defective or dangerous condition." Does this evidence any intention of the Legislature to relieve an officer of the state of his common law liability for negligence merely because the defective condition was a contributing cause rather than the proximate cause?. We do not believe so and we have been cited to no case so holding.

In *Bauer* v. *County of Ventura*, 45 Cal.2d 276 [289 P.2d 1], the court construed the complaint as it affected the defendant members of the board of supervisors as one for the construction and maintenance of a system of ditches and levees in a dangerous and defective condition and held that the matters required by section 1953 had not been proved. It pointed out that there was no allegation that any of these defendants had exceeded his authority under the Storm Drain Maintenance District Act, or that the complaint in anywise attempted to allege a cause of action other than one under section 1953. Thus the cause of action was entirely different from the one proceeded on in our case.

*Burnett* v. *Boucher*, 108 Cal.App.2d 37 [238 P.2d 1], is not in point. There the plaintiff, in an action for personal injuries sustained in an automobile accident alleged that the defendants, father and son, both owned the car and also that the son was acting as the agent of the father. In his opening statement the plaintiff offered to prove only that the son was driving the car with the consent of the father. The trial court denied the plaintiff permission to amend his complaint, holding that the cause of action stated therein could not be changed into one of statutory liability since more than one year had elapsed after the occurrence of the accident. Here there is no change of cause of action, but merely the election to abide by one of two causes of action in the complaint.

Nor is *Shannon* v. *Fleishhacker*, 116 Cal.App. 258 [2 P.2d 835], in point. There the defendants were sued as officers of the city and county of San Francisco and charged with negligently maintaining and operating a defective and dangerous ferris wheel. A boy employee, who had been warned not to enter the enclosure behind the wheel, disobeying this instruction and without the knowledge of the operator, entered and was struck by some portion of the

wheel. While the case points out that there was no defective or dangerous condition ("All the evidence demonstrates that the wheel was guarded by every known safeguard . . ." (p. 267)), the decision holds that a failure to prove all of the elements required in Deering's General Laws, 1923, Act 5618 (the predecessor of Gov. Code, § 1953), was fatal to a recovery because the negligence charged was in maintaining and permitting to be operated said wheel without its being equipped with a guard to protect persons from coming in contact with it. ▮ In our case it is not the maintaining and the operating of the bridge lift in its alleged dangerous condition that is the gravamen of the offense stated in the opening statement, but it is the operating of the lift span, knowing the condition, in the face of the oncoming car without giving any warning whatever. Here there was charged a negligence additional to the mere use of defective property.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 16, 1956, and respondents' petition for a hearing by the Supreme Court was denied April 11, 1956. Shenk, J., was of the opinion that the petition should be granted.