[No. 7,784. In Bank.—June 28, 1884.]

GEORGE O. BAKER, APPELLANT, v. BRIDGET O'RIORDAN, RESPONDENT.

JURISDICTION—SUPERIOR COURT—FRAUDULENT JUDGMENT.—A Superior Court in an equitable proceeding may set aside a decree of a Probate Court when it appears that the decree was obtained by fraud, and without notice to the party against whom it was rendered.

. ID.—VOID DECREE.—The decree in such a case is void, and the case is not one of "mistake, inadvertence, surprise, or excusable neglect," within the meaning of section 473 of the Code of Civil Procedure.

ID.—APPEARANCE OF UNAUTHORIZED ATTORNEY.—It does not affect the question of the right of a party to equitable relief against a void judgment, that an attorney having no authority appeared for him in the action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The plaintiff sought to set aside a decree of distribution of an estate, made by the Probate Court, upon the ground of fraud on the part of the defendant in procuring the decree. It was found

by the Superior Court that the plaintiff was the husband of the decedent. The wife was the owner of real estate in San Francisco which was her separate property. He was a sailor and master of a whaling vessel, and was absent at sea for many years. In his absence the defendant applied for and obtained letters of administration from the Probate Court, upon the estate of the decedent. A day was fixed for settlement of the final account of the administratrix and for distribution of the estate, but no notice of the hearing was given as required by law. An attorney appeared for the plaintiff, but without his knowledge or authority. The estate was distributed to the defendant by the Probate Court upon *ex parte* testimony that a conveyance of the property had been made to her by the decedent, which had been lost. It was further found, as a conclusion of law from the facts, " that the acts of the defendant in procuring the plaintiff's interest in said estate to be distributed to her were false and fraudulent as against the plaintiff, and an imposition upon said Probate Court; but that they are of such a nature that a court of equity cannot give relief." The other facts sufficiently appear in the opinion of the court.

*H. J. Tilden,* and *T. C. Coogan,* for Appellant.

*Richard Burke,* and *Charles F. Hanlon,* for Respondent.

SHARPSTEIN, J. — The findings are to the effect that the defendant, who was administratrix of the estate of Eliza Baker, deceased, by false and fraudulent acts and proceedings, imposed so far upon the Probate Court as to procure therefrom a decree assigning to said defendant the share of said estate to which the plaintiff was entitled as the husband of said deceased; and that the notice which the judge of probate ordered to be given of the hearing of defendant's petition for distribution of said estate, was not given as required by section 1634 of the Code of Civil Procedure, nor did the plaintiff have any notice thereof, or of any of the proceedings of said Probate Court, until after said decree had been made and entered therein. It is further found that an attorney at law *assumed* to represent the plaintiff at said hearing, but that said attorney was never employed by the plaintiff for

that or any purpose, and had no power or authority to represent the plaintiff therein, and that plaintiff had no knowledge of such appearance of said attorney, until after said decree of distribution had been made. If upon these facts the plaintiff was entitled to any part of the relief prayed in his complaint, the judgment of the court below must be reversed.

Among other things, the plaintiff prays "for a decree . . . . that said order of distribution be declared fraudulent and void, and be annulled, vacated, and set aside." The court found that it was fraudulent, but that a court of equity could give no relief. In *People* v. *Lafarge*, 3 Cal. 130, a bill in equity was filed "*to set aside* a judgment," on the grounds "that there was no cause of action and no notice to the parties." The court said : "This remedy is well recognized in all courts having chancery jurisdiction, and the case made out by the complainants is o which fully entitles them to the interposition of the court."

"The equitable jurisdiction to cancel and set aside, or to restrain judgments and decrees of any court obtained by a fraud practiced upon the court and the losing party, is well settled and familiar." (2 Pomeroy Eq. Jur. 919.) "When a judgment or decree of any court, whether inferior or superior, has been obtained by fraud, the fraud is regarded as perpetrated upon the court as well as upon the injured party." (2 Pomeroy Eq Jur. 919.) We have no doubt of the right of the plaintiff, under the findings, to have the decree assigning his share of the estate of his wife to the defendant, cancelled and set aside. And if he is entitled to have that done, his right to the other relief prayed cannot be doubted.

.It is insisted, however, that he might have moved in the Probate Court under section 473 of the Code of Civil Procedure, for any relief to which he may be entitled, and having failed to do so, or to give any sufficient reason for not doing so, equity will not take jurisdiction of the matter. This is not a case in which a judgment, order, or other proceeding has been taken against a party through "his mistake, inadvertence, surprise, or excusable neglect." · There is no element of mistake, inadvertence, or excusable neglect in the case. The discovery that in a proceeding of which he had no notice, a decree had been procured by fraud and perjury, which, if valid, transferred his share

in his wife's estate to the defendant, would naturally surprise the plaintiff; but it was not the intention of the legislature to limit the time within which a party might obtain relief " from a judgment, order, or other proceeding taken against him," through his surprise under such circumstances. The intention doubtless was not to curtail, but to extend the grounds of relief; not to limit the time within which a void judgment might be attacked and set aside to six months, but to give a party six months within which to move to have a valid judgment set aside on grounds other than those which affected its validity. Nor does the case fall within that other clause which provides that, " when from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." Here there was no action, no summons, no defendant, and no personal service or answer required. The cases in which it has been held that the remedy by motion was exclusive, were those in which the law required the service of a summons on a defendant, personally or by publication.

It is quite clear that the legislature could impart no validity to a judgment obtained against a defendant in an action in which there had been no service of summons on, or voluntary appearance by him. A judgment thus obtained would be void by reason of the absence of jurisdiction in the court to render it.

A person cannot be deprived of his property without due process of law. Certainly not by a proceeding of which he had no notice. The plaintiff in this case is entitled to relief beyond any which a court could give him under section 473 of the Code of Civil Procedure. He is entitled to have the judgment set aside and annulled absolutely, and to recover the rents received by the defendant for the use and occupation of the premises since said decree was made. The only relief that he could obtain by motion under the clause last cited would be the privilege " to answer to the merits of the original action." Obviously that provision of the Code was not intended to apply to a case like this.

Under the circumstances, the fact of an attorney voluntarily appearing in the proceeding for the plaintiff, without being

in any way authorized to appear for him, in no way affects the plaintiff's right to the relief prayed, or the power of a court of equity to grant it.

Judgment reversed, and the court below is directed to enter judgment in favor of the plaintiff for the relief prayed in his complaint.

McKINSTRY, J., MYRICK, J., and THORNTON, J., concurred.