[No. 14187.  Department One. — January 26, 1892.]

JOHN P. REED ET AL., APPELLANTS, *v.* GEORGE E. RING ET AL., RESPONDENTS.

INFANTS — GUARDIAN AD LITEM — APPOINTMENT — JURISDICTION. — When infants sue by guardians appointed for that purpose, the court acquires jurisdiction of the infant plaintiffs. If guardians act in that capacity without having been duly appointed, it is erroneous, but that fact would not make the proceedings in the action void.

ID. — ACTION TO SET ASIDE SALE OF ADMINISTRATOR AND GUARDIAN — CONCLUSIVENESS OF JUDGMENT — COLLATERAL ATTACK. — In an action by infant plaintiffs through guardians *ad litem* to set aside a sale made by an administrator and guardian, an adjudication that the sale was valid as to one parcel and invalid as to another parcel, however erroneous as to the portion held valid, is conclusive as against a collateral attack, and binds the infants, if not reversed upon appeal.

MEXICAN GRANT — TITLE OF HEIRS — ADMINISTRATION — APPOINTMENT OF GUARDIAN — JURISDICTION OF PROBATE COURT. — Although upon the death of the owner of a Mexican grant in 1844, his property vested at once in his heirs, and there could be no administration on his estate after the acquisition of California and the organization of the state government, yet the probate court had jurisdiction to appoint a guardian of his minor children, under the act of the legislature of April 19, 1850.

ID. — ORDER APPOINTING GUARDIAN — VALIDITY. — An order appointing such guardian was not void as to the guardianship because it also ap-

pointed the guardian administrator of the estate, or because it was entitled "In the matter of the estate" of the deceased, and directed that letters of guardianship of the *heirs be granted,* without naming them, where it appeared that the children were known.

LAW OF THE CASE — DECISION UPON — FORMER APPEAL — DISMISSAL — NEW ACTION. — A final judgment upon appeal, in an action in which the subject-matter involved and the parties or their predecessors in interest were the same as in the case at bar, will be treated and considered as the law of the case, although after the going down of the *remittitur* the action was dismissed in the trial court, and no judgment was entered which could be pleaded in bar or given in evidence to defeat a new action.

GUARDIAN'S SALE — STATUTE OF LIMITATIONS — VOID SALE. — Under section 1806 of the Code of Civil Procedure, which is a substantial re-enactment of section 34 of the Guardians' Act of 1850, an action to recover the possession of land sold by the guardian of the claimants under the authority of the court is barred by the statute of limitations, although the sale was void, where it appears that more than twenty years were allowed to pass after the claimants became of age, and after the termination of the guardianship, and more than three years after the issuance of a patent to the land to the claimants, before the action was commenced.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial.

The facts are stated in the opinion.

*William & George Leviston,* for Appellants.

The administrator's sale was invalid and of no effect, as the probate court had no jurisdiction over the estate, the decedent having died prior to the adoption of the code. The title of such decedent vested immediately in the heirs. (*Downer* v. *Smith,* 24 Cal. 114; *Coppinger* v. *Rice,* 33 Cal. 408; *McNeil* v. *Congregational Soc.,* 66 Cal. 105; *Grimes* v. *Norris,* 6 Cal. 624; 65 Am. Dec. 545; *Adams* v. *Norris,* 23 How. 353; *Staples* v. *Connor,* 79 Cal. 15.) The so-called guardian's sale was also invalid, as the sale was made under the probate act, and not under the guardian act. (*McNeil* v. *Congregational Soc.,* 66 Cal. 111; *Patty* v. *Smith,* 50 Cal. 152; *Staples* v. *Connor,* 79 Cal. 15.) The proceedings in *Garcia* v. *Buckelew,* did not constitute an estoppel, as there was no judgment. The "decree" signed by the judge amounted only to a form by which the clerk might enter judgment. (*In re Cook,* 77

Cal. 227; 11 Am. St. Rep. 267.) The judgment must be a matter of record, and cannot be either aided or contradicted by a matter not of record. (*Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *Sherman* v. *Story*, 30 Cal. 256; 89 Am. Dec. 93; *Croswell* v. *Byrnes*, 9 Johns. 290.) Entry in the minutes constitutes no part of the judgment roll. (*Spreckels* v. *Ord*, 72 Cal. 86.) The judgment was no estoppel, because not entered. There can be no estoppel by verdict or findings until a judgment or decree has been entered. (*Estate of Holbert*, 57 Cal. 260; *Duchess of Kingston's Case*, 11 How. St. Tr. 261; *Croswell* v. *Byrnes*, 9 Johns. 290; Black on Judgments, sec. 106, p. 115; *Franklin* v. *Meridia*, 35 Cal. 566, 567; 95 Am. Dec. 129.) The decree confirming the sale was void because not based on any issue in the case. (Black on Judgments, sec. 184; *Garwood* v. *Garwood*, 29 Cal. 521; *Phelan* v. *Gardner*, 43 Cal. 311; *King* v. *Chase*, 15 N. H. 9; 41 Am. Dec. 675; *Haight* v. *Keokuk*, 4 Iowa, 199; *Horton* v. *Hamilton*, 20 Tex. 606; *Cecil* v. *Cecil*, 19 Md. 72; 81 Am. Dec. 626; *Vanlandingham* v. *Ryan*, 17 Ill. 26; *People* v. *Johnson*, 37 Barb. 502; *Manning* v. *Harris*, 2 Johns. 24; 3 Am. Dec. 386; *Jackson* v. *Wood*, 3 Wend. 27; *Shall* v. *Biscoe*, 18 Ark. 142; *Dickinson* v. *Hayes*, 31 Conn. 417; *Elliott* v. *Peirsol*, 1 Pet. 340; *Fulton* v. *Hanlow*, 20 Cal. 450.) The judgment was void as to the infants, as the suit was not commenced by their guardian or next friend appointed for that purpose. (*Crawford* v. *Neil*, 56 Cal. 321; *Johnston* v. *San Francisco Sav. Union*, 63 Cal. 563.) A judgment by consent against an infant is void. (*Waterman* v. *Lawrence*, 19 Cal. 217; 79 Am. Dec. 212.) The district court had no power to confirm the sale of the infants' estate, as it had no power to make the sale. (See *Rogers* v. *Dill*, 6 Hill, 416; *Forman* v. *Marsh*, 11 N. Y. 551; *Baker* v. *Lorillard*, 4 N. Y. 266; *Onderdonk* v. *Mott*, 34 Barb. 106.) The decision in *Reed* v. *Gardner* is not the "law of the case," or of this case, as that case was dismissed, and this case is different, with different facts and points. (*Taaffe* v. *Skae*, 48 Cal. 543; *Sharon* v. *Sharon*, 79 Cal. 634; *Wixon* v. *Devine*, 80 Cal. 388.)

*Hepburn Wilkins,* for Respondents.

The judgment in *Reed* v. *Gardner* is right, upon principle, and is conclusive in this action. (*Wolverton* v. *Baker*, 86 Cal. 591.) The opinion in *Reed* v. *Ring* is the law of this case. (*Schroeder* v. *Schweizer Lloyd etc. Gesellschaft*, 66 Cal. 296; *Sharpstein* v. *Friedlander*, 63 Cal. 78.) The plaintiffs or their successors could not obviate the effect of the decision of the supreme court by subsequently dismissing the action. (*Croft* v. *Johnson*, 67 Tenn. 390.) There was a valid judgment in *Garcia* v. *Buckelew*, and so this court held in *Reed* v. *Gardner*. The judgment roll is conclusive evidence of the judgment. (*Packard* v. *Johnson*, 3 West Coast Rep. 763; *Packard* v. *Moss*, 3 West Coast Rep. 769.) The papers were indorsed filed. The indorsement of filing was not, however, necessary. A paper is filed whenever it is placed in the possession of the clerk, even if he fails to indorse the filing thereon. (*Tregambo* v. *Comanche*, 57 Cal. 506.) The validity of the judgment does not, however, depend on the clerk doing his duty in making up the judgment roll. (*Lick* v. *Stockdale*, 18 Cal. 219; *Sharp* v. *Lumley*, 34 Cal. 612.) The appellants' contention that the judgment was not an estoppel because not entered cannot be maintained, as the judgment was sufficiently entered, as it was copied in full in the book entitled "Minutes and Judgments," which was the only judgment-book. (Freeman on Judgments, sec. 41; *Jorgensen* v. *Griffin*, 14 Minn. 464.) The judgment is authenticated by the signature of the judge, as well as by the filing by the clerk and the entry at length in the judgment-book. The signature by the judge, and filing without the entry, was sufficient. (*Casement* v. *Ringgold*, 28 Cal. 335.) Even if the judgment had not been entered, it became a valid and binding judgment as soon as it was pronounced by the court. (*Estate of Cook*, 77 Cal. 220; 11 Am. St. Rep. 267; *Estate of Newman*, 75 Cal. 213; 7 Am. St. Rep. 146.) Even if a guardian *ad litem* had not been appointed, the failure to appoint one would be merely an irregularity, and not jurisdictional, and would not avoid the judgment upon a

collateral attack; and this rule applies where the plaintiff appears without guardian, as well as where the court proceeds against minor defendants without appointing a guardian for them. (*Rima* v. *Rossie*, 120 N. Y. 433, 434; *Clowers* v. *Wabash etc. R'y Co.*, 21 Mo. App. 213; *Schemerhorn* v. *Jenkins*, 7 Johns. 373; *Rutter* v. *Puckhofer*, 9 Bosw. 638; *Smart* v. *Horing*, 14 Hun, 276; *Joyce* v. *McAvoy*, 31 Cal. 285; 89 Am. Dec. 172.) The judgment was not by consent, as claimed by the appellant, but even if it had been, it would not be void on collateral attack. (*San Fernando H. Ass'n* v. *Porter*, 58 Cal. 82; *Walsh* v. *Walsh*, 116 Mass. 377; 17 Am. Rep. 162.) The action is barred by three years' limitation, as no action to recover any estate sold under administrator's or guardian's sale can be maintained unless it is brought within three years. (Act of 1850 concerning guardians, sec. 34; Hittell's Gen. Laws, par. 3395; Code Civ. Proc., sec. 1806; Act concerning estates of deceased persons, sec. 190; Hittell's Gen. Laws, par. 5888; Code Civ. Proc., sec. 1573.) These statutes apply to void sales. Those which are valid do not need the help of this statute of limitations. (*Harlan* v. *Peck*, 33 Cal. 515; 97 Am. Dec. 653.)

BELCHER, C. — In 1834 John Reed obtained a Mexican grant of a tract of land known as the Rancho Corte Madera del Presidio, and situate in what is now Marin County, in this state. In 1844 he died intestate, leaving a widow and four minor children, one of whom died in 1853.

In 1852 the widow and children presented their petition to the board of land commissioners created by the act of Congress approved March 3, 1851, for the confirmation to them of the said grant, and such proceedings were afterwards had that the same was duly confirmed, and a patent therefor issued to the surviving children on the 25th of February, 1885.

On the 14th of August, 1850, letters of administration on the estate of Reed and of guardianship of his children

were granted to John S. Gibbs by the probate court of Marin County.

On the 16th of September, 1850, the same court, on petition of Gibbs, made an order authorizing him, as administrator of the estate and guardian of the minor children of Reed, to sell the said rancho with other property, after giving notice of the sale by posting and publication, for a sum not less than thirty thousand dollars; and in pursuance of this order he sold the property to Benjamin R. Buckelew for the sum of thirty-five thousand dollars. The sale was then reported to the court and by it confirmed, and Gibbs was ordered to execute to the purchaser conveyances of the property sold, which he did.

Subsequently, Mrs. Reed, who had married again and was then known as Ylaria Garcia, her husband, Bernardino Garcia, and the four Reed children, by their guardians, commenced an action in the district court of the seventh judicial district in and for Marin County against Buckelew and Gibbs to set aside the said sale; and such proceedings were had therein that on the 29th of September, 1851, judgment was rendered rescinding and setting aside the sale as to all of the rancho except 320 acres thereof, and as to the last-named tract, confirming it. The language of the judgment, so far as it confirms the sale, is as follows: " Out of the rescinding of the said sale and conveyance of the said estate of the said John Reed, deceased, are to be wholly excepted and reserved 320 acres of land situate on that part of said estate known as California City (giving description by metes and bounds), as to which said parcel of 320 acres of land the said sale and conveyance so made by the said John S. Gibbs, as such guardian and administrator, is hereby confirmed and shall forever stand good and valid, both against the said Juan Reed, Maria Reed, Eularia Reed, and Ricardo Reed, and the said Ylaria Garcia and Bernardino Garcia, and against them, and each and every of them, their heirs and assigns, and all persons claiming under them, or any of them, the title

of the said last-mentioned parcel of 320 acres of land is confirmed to the said Benjamin R. Buckelew, his heirs and assigns, in fee-simple, forever.

This judgment was never appealed from, modified, or set aside.

In October, 1859, Edwin Gardner acquired all the right, title, and interest of Buckelew in and to the said 320 acres, confirmed to him as aforesaid, under a sheriff's deed of the property, and shortly after receiving the deed, he entered into possession of the premises, inclosed them with a substantial fence, and continued to occupy them, under claim of title, and adversely to all other persons, until the 6th of December, 1879, when he conveyed the same to the defendant George E. Ring.

In February, 1867, the children of Reed commenced an action of ejectment against Gardner and his tenants to recover possession of the said 320 acres of land. The case was tried in the district court in November of the same year, and judgment rendered in favor of the plaintiffs. From that judgment, and an order denying them a new trial, the defendants appealed to the supreme court, where, in November, 1870, the judgment was reversed, and the cause remanded for a new trial.

The opinion of the court was delivered by Rhodes, C. J., and concurred in by Justices Wallace, Temple, and Crockett. The case is not reported, and we therefore quote the opinion in full, so far as it relates to the points made here. It is as follows:—

"It is also urged that the court did not acquire jurisdiction of the infant plaintiffs in that action. (*Garcia* v. *Buckelew*.) Infants sue by their guardians, who are appointed for that purpose by the court or the proper judge; and when the action is brought by a guardian appointed in that manner, the court acquires jurisdiction of the infant plaintiffs. The infant plaintiffs in that case were represented by four guardians.

"The plaintiff introduced in evidence an order of the

district judge appointing two of the persons named as
guardians, and if the other two persons acted in that
capacity without having been duly appointed, it was
erroneous, but that fact would not make the proceed-
ings in the action void.

"It is further contended that the court had no juris-
diction of the subject-matter of that suit, or, to state the
position of counsel in his own language, 'that the dis-
trict court had no jurisdiction, in any possible case, to
convey the property of these children to Buckelew, or
to confirm it to him, or to make any change whatever
in the title of the property.' The principal purpose of
the suit was to have the sale of the Reed rancho (which
included the lands in controversy in this action), which
had been made by the administrator of Reed's estate,
set aside.

"The plaintiffs alleged the sale was illegal and void,
and the defendant, Buckelew, alleged that the sale was
valid, and that the deed executed in pursuance thereof
vested in him the title to the lands. The court decreed
that the sale and the deed as to all the lands, except
the lands involved in this action, be rescinded and set
aside; and as to the last-mentioned lands it was decreed
that the sale and conveyance be confirmed and remain
valid as against the plaintiffs in this action.

"The question as to whether the court had jurisdic-
tion to convey the property of the infant plaintiffs, or
to make any change in the title thereto, does not arise;
nor does the question arise as to whether the court
had jurisdiction to confirm the sale or conveyance to
Buckelew; that is to say, to confirm by direct action,
as in case of a sale or conveyance made under the order
of the court. The decree, although it is prefaced with
the recital that 'it would be best, and for the ultimate
interest and satisfaction of all the parties to this suit,'
that the sale of the estate of Reed (deceased), except
the premises in controversy in this suit, made under the
order of the probate court by the administrator of the
estate and the guardian of the infant heirs of Reed,

should be rescinded, yet it is a direct adjudication that the sale and conveyance of the premises in controversy was valid, and that as to the remainder of the estate of Reed it was invalid.

"However unsatisfactory and unstable to us the reasons and grounds might appear upon which the court acted in decreeing that the sale and conveyance of the rancho was valid as to one parcel and invalid as to another parcel of the general tract, they are beyond our reach in a collateral attack upon the decree. A judgment or decree, as we held in *Joyce* v. *McAvoy*, 31 Cal. 273, 89 Am. Dec. 172, binds an infant equally with an adult, and it is not subject to an attack in any other mode in the one case than in the other.

"If the sale by the administrator did not divest the infants of their estate, and the authorities cited by their counsel are ample to show that it did not have that effect, then the decree was clearly erroneous, and for that reason might have been reversed on appeal; but it was not for that cause void.

"The entry in the judgment-book, that 'by the consent of parties the following decree was ordered by the court to be filed,' did not have the effect to overcome the recital in the decree that it was rendered 'after hearing the proofs and allegations of the respective parties.' But if it were entered by the consent of the parties, and without proof, there are no cases brought to our attention which hold that it was thereby rendered void.

"Judgment reversed, and cause remanded for a new trial."

The *remittitur*, with a copy of the opinion of the supreme court, was filed in the trial court on the 10th of May, 1871, and thereafter, when the case was again called for trial, the action was dismissed by the plaintiffs without prejudice.

When defendant Ring purchased the 320 acres from Gardner in December, 1879, he paid for the property its full value, and supposed he obtained a good title to it. He at once took possession of the tract, and, by himself

and tenants, continued in such possession, claiming title and paying all taxes assessed against it, up to the time of the trial of this action.

This action was commenced in February, 1890, to recover possession of the same 320 acres, and the plaintiffs alleged that they had title thereto under the patent issued to the Reed heirs in February, 1885. The defendants denied the plaintiffs' ownership of the demanded premises, and pleaded in bar of the action the statutes of limitation, and they also pleaded in defense of the action all the proceedings hereinbefore set forth.

The case was tried by the court without a jury, and the findings and judgment were in favor of the defendants. From that judgment, and an order denying them a new trial, the plaintiffs appeal.

Counsel on both sides have filed elaborate briefs, and have ably and learnedly discussed all the questions of law and fact supposed to arise in the case. We do not, however, deem it necessary to follow their arguments and review at length all the points presented.

1. While it is true that on the death of Reed his property vested at once in his heirs, and there could be no administration on his estate after the acquisition of California and the organization of our state government, still, the probate court had jurisdiction to appoint a guardian of his minor children. This was authorized by an act of the legislature passed April 19, 1850, entitled " An act to provide for the appointment and prescribe the duties of guardians." (Stats. 1850, p. 268.) And though the order appointing Gibbs was dual, we do not think it void for that reason as to the guardianship. Nor do we think it void because it was entitled " In the matter of the estate of John Reed, deceased," and directed that letters of guardianship of the *heirs be granted,* without naming them. The statute authorized the appointment of guardians, and provided that " before appointing any person guardian of a minor the judge shall require of such person a bond," etc., but it did not require the actual issuance of letters. The order

was preceded by a recital, " That whereas John S. Gibbs had conformed to all the requirements of the law in his application, . . . . proof of the same being before the court"; and it was followed by another order made on the same day, in which Gibbs was spoken of as the "guardian of his [Reed's] minor children." From all this we think it appears that Gibbs was *appointed* and became the guardian of the four children, notwithstanding they were not individually named. They were known, and that was certain which could be made certain.

2. It is urged by counsel for appellants that the judgment in the case of *Garcia* v. *Buckelew*, confirming the sale, did not become a valid judgment so as to operate as an estoppel, because it was never entered; that it was void, because not based on any issue in the case; that it was also void as to the infant plaintiffs, because the suit was not commenced by their guardian or next friend appointed for that purpose; and further, that it was void because it was given by consent.

But the judgment was entered in a book entitled "Minute and Judgment Book," and it was proved that for the period beginning with and including the year 1850 down to July, 1857, all the judgments of the court were entered in that book, and that no other judgment-book was to be found among the archives of the court. And as to the issues in the case, the complaint alleged that the sale and all the proceedings leading up to it were illegal and void, and the defendant, Buckelew, alleged that the sale and proceedings were valid, and that the deed executed in pursuance thereof vested in him the title to the lands. So as to the guardian, the record shows that two guardians *ad litem* of the infant plaintiffs were appointed by the court in December, 1850, and the same persons were named in the complaint as the guardians by whom the infants sued. And as to the last objection, the minutes state that " in the above case the complaint and answer being read, by consent of parties the following decree was ordered by the court to be

filed"; and the decree recites that "on reading the complaint and answer on file in this cause, and after hearing the proofs and allegations of the respective parties, and due deliberation being had thereupon, and it appearing to the court now here," etc.

It will be observed that these matters were considered by the supreme court in *Reed* v. *Gardner,* and decided contrary to the theory of appellants. In that case the subject-matter involved, and the parties or their predecessors in interest, were the same as in this. The decision, therefore, after the lapse of twenty years, and after rights may have been acquired on the faith of it, we think, should be treated and followed as " the law of the case."

It is suggested by counsel for appellants that that decision should not be considered the law of the case, for the reason, among others, that after the going down of the *remittitur* the action was dismissed, and no judgment was entered which could be pleaded in bar or given in evidence. A similar question was spoken of by Mr. Justice Field in his concurring opinion in the case of *Knight* v. *United Land Association,* lately decided by the supreme court of the United States. Referring to the case of *Tripp* v. *Spring,* 5 Saw. 209, 212, where, at the close of the trial, an oral opinion was rendered and subsequently written out, the case in the mean time, however, having been dismissed, the learned justice said: "The opinion of the court, pronounced at the close of the trial, and subsequently written out, was, notwithstanding the dismissal, as much authority on the questions of law presented as though a formal judgment had been entered, although the judgment ordered, because not entered on account of the dismissal, could not be pleaded in bar of a future action."

3. But whatever view may be taken of the questions so far considered, we think the judgment and order appealed from should be affirmed on the ground that the cause of action was barred.

Section 1806 of the Code of Civil Procedure provides:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship; or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof." This section is a substantial re-enactment of section 34 of the Guardians' Act of 1850.

Here, as we have seen, Gibbs was appointed guardian of the Reed children, and, as such, sold the property in question; and more than twenty years were allowed to pass after they and each of them became of age, and after the termination of his guardianship, and more than three years after the issuance of the patent, before this action was commenced.

Conceding, therefore, that the sale was void, still, that fact did not save the case from the bar of the statute. (*Harlan* v. *Peck*, 33 Cal. 515; 91 Am. Dec. 653.)

We advise that the judgment and order be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.