[Civ. No. 3748. Third Appellate District.—April 20, 1929.]

C. D. JEFFORDS et al., Appellants, v. THOMAS L. YOUNG et al., Respondents.

Hedley Richmond and M. C. Atchison for Appellants.

Ault & MacKinnon, A. L. Hubbell and Conkling, Horton, Perkins & Hervey for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment entered upon default of the plaintiffs for failure to amend their complaint after separate demurrers thereto had been sustained.

This suit was brought to set aside a final judgment against the plaintiffs quieting title to the "Young ranch" consisting of twenty acres of land in Imperial County, California, which judgment upon appeal was affirmed by the Supreme Court. (*Jeffords* v. *Young*, 197 Cal. 224 [239 Pac. 1054].) The complaint in this case alleges that plaintiffs executed a written contract with the defendants, Thomas I. and Lillie E. Young, on December 31, 1921, to purchase said property for $4,200, upon specified terms; that the contract and deed of conveyance were deposited in escrow with the Central Bank of Imperial Valley at Calexico, where plaintiffs subsequently paid, from time to time, the aggregate sum of $3,600, which was applied on the purchase price of the ranch; that they immediately took possession of the premises and made valuable improvements thereon; that on July 27, 1923, they tendered at said bank the further sum of $525, which was refused upon the grounds that the bank was no longer the owner's agent, and that all documents involved in the transaction had been returned to them.

The complaint further alleged that the plaintiffs were persuaded by the vendors not to record their contract for the reason that it would impair the owner's credit; that despite their contract and the receipt of a substantial proportion of the purchase price of said land, the Youngs, without the knowledge of appellants, subsequently, on August 1, 1923, sold and conveyed said premises for a valuable consideration to one W. H. Lorenz, who had knowledge of the existing contract of appellants; that the grantee immediately thereafter recorded his deed; that appellants learning of said transfer promptly filed suit against the defendants, Youngs and their grantee, Lorenz, to quiet title to said land; that the defendants Youngs filed a disclaimer and Lorenz answered, setting up his purchase of the land, his

ignorance of appellants' claims, and praying for affirmative relief to the effect that his title be quieted against them. It was alleged that the cause was regularly set for trial in the superior court of Imperial County for October 25, 1923; that just prior to said date of trial, and on October 23d, Wilbur Randall, an attorney of Los Angeles, who had been employed to assist plaintiffs' regular attorney Hedley Richmond, "telephoned to plaintiffs, that said cause was to be continued, by stipulation of counsel . . . and that he had arranged . . . for the filing of an amended complaint therein. That acting under such instructions, plaintiffs herein did not attend the trial had on the 25th day of October, . . . and were absent from Imperial County, California, at the time of said trial. . . . That the plaintiffs . . . did believe that the trial of said cause would be continued, . . . and but for the statement of the attorney, Wilbur Randall, the plaintiffs and their said attorney Hedley Richmond, would have been present at such trial, on the 25th day of October, 1923."

It was further alleged "that said attorney Wilbur Randall, on the day of and during the trial of said cause was sick with a very high fever, caused by an attack of pneumonia and in fact died a few days after said 25th day of October, 1923, . . . from such disease," and that said lawyer at the trial of said cause was wholly incapacitated on account of his illness, to appear or properly represent the plaintiffs; that because of said erroneous information plaintiffs failed to appear at the trial in person or by their regular attorney, or to adduce evidence of their equitable title, and that the court therefore rendered and entered judgment against them, quieting title to said land in the grantee, Lorenz, dismissing the action as to the Youngs and finding that plaintiffs had no right, title, estate or equity in or to the premises. Thereupon the plaintiffs were subsequently ousted from their possession of the premises.

The plaintiffs immediately moved the trial court to set aside the former judgment, which motion was denied, and upon appeal therefrom the judgment and order were affirmed. From the opinion of the supreme court in the case of *Jeffords* v. *Young, supra,* it appears that the motion to vacate the former judgment was made under the provisions of section 473 of the Code of Civil Procedure, but that no

affidavits of merit were filed in support of the motion. The court says: "In the present case . . . the clerk's transcript does indicate affirmatively that no affidavits were on file which could have been used in support of the motion. . . . The order denying that motion must therefore be affirmed." It is true that subsequently the plaintiffs renewed their motion to set aside that judgment and asked the trial court to grant a new trial, upon which subsequent motion affidavits of merit were filed. This motion, however, was also denied, and the plaintiffs failed to appeal therefrom. They perfected their appeal only from the former order. Regarding this motion for relief the supreme court said: "Upon the showing made the learned trial judge might well have granted the relief prayed for . . . upon the ground of excusable neglect. . . . No appeal was taken from this order, and we are therefore without jurisdiction to review it. The only notice of appeal which appears in the record . . . is directed solely at the judgment and the order of December 14, 1923," which was unsupported by affidavits.

Equity will relieve an injured party from the effect of a judgment procured by extrinsic fraud, mistake or excusable neglect which were not the result of negligence or laches on the part of the complainant. (*Sohler* v. *Sohler*, 135 Cal. 323 [87 Am. St. Rep. 98, 67 Pac. 282]; *Bacon* v. *Bacon*, 150 Cal. 477 [89 Pac. 317]; *Simonton* v. *Los Angeles T. & S. Bank*, 192 Cal. 651, 656 [221 Pac. 368]; *Estate of Ross*, 180 Cal. 651, 658 [182 Pac. 752]; *Clavey* v. *Loney*, 80 Cal. App. 20 [251 Pac. 232].) It will, however, refuse to interfere in an action where a judgment has been procured by intrinsic fraud or gross negligence of the complainant. (*Clavey* v. *Loney, supra.*) A judgment procured by forged instruments or perjured testimony is the result of intrinsic fraud, against which equity will not furnish relief in a collateral attack. (*Pico* v. *Cohn*, 91 Cal. 129, 133 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537].) Extrinsic fraud alone will justify a court of equity in setting aside a judgment. Extrinsic fraud consists of such conduct as prevents a real trial upon the issues involved. It may result from a failure to notify the injured party of the time of trial or any other act or omission which procures his absence or the absence of material witnesses. (15 Cal. Jur. 10, sec. 121.) The serious

illness of complainant's counsel which prevents an appearance at the trial or a fair presentation of his cause, and which situation by the exercise of due diligence could not have been anticipated or avoided, may warrant the intervention of equity. (3 Freeman on Judgments, 5th ed., 2598, sec. 1247.)

In the present case it appears that the appellants held a valid contract to purchase the real property involved in this action, upon which they had paid or offered to pay substantially the entire purchase price; they were persuaded not to record their agreement. Secretly and fraudulently the owners sold and conveyed this land to another purchaser. Upon the discovery of this fraud the appellants promptly filed a suit to quiet the title to this land. The grantee answered the complaint, setting up his legal title, asserting his ignorance of the plaintiff's equitable title, and praying for affirmative relief. This he was permitted to do. (*Brooks* v. *White,* 22 Cal. App. 719 [136 Pac. 500].) The issues of this suit were thus settled and the case was definitely set for trial. It was alleged in the present case that without the fault of these appellants and solely because of the serious illness of their lawyer who had active charge of the case, which illness wholly incapacitated him for service, and as a result of which he subsequently died, they were furnished with erroneous information which resulted in their absence from the trial and prevented them from adducing evidence in support of their equitable title, and that therefore the judgment was rendered against them. That judgment, upon a proper showing, should have quieted title in the grantee, Lorenz, subject to the equitable claim of the plaintiffs. Equity should furnish relief from this unjust situation.

A judgment procured by means of actual fraud, or collusion of the complainant's own attorney with the adverse parties or counsel, may be set aside upon a proper showing. (1 Freeman on Judgments, 5th ed., p. 503, sec. 249; 1 Black on Judgments, 2d ed., p. 350, sec. 344; *Anthony* v. *Karbach,* 64 Neb. 509 [97 Am. St. Rep. 662, 90 N. W. 243].) Ordinarily a client is chargeable with the negligence of his own attorney. (*Smith* v. *Tunstead,* 56 Cal. 175; *Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002]; *Alferitz* v. *Cahen,* 145 Cal. 397 [78 Pac. 878]; 1 Freeman on Judgments, 5th

ed., p. 495, sec. 248.) But manifestly, when, without the knowledge or fault of a client, his attorney becomes physically or mentally incapacitated so that his acts or conduct which are controlled thereby leads to a damaging result in pending litigation so detrimental and unjust as to shock the conscience, surely equity will furnish relief.

The respondents contend that equity will not interfere with the judgment in the present case for the reason that the appellants possessed merely an equitable title to the land and that the suit to quiet title may therefore not be maintained against the grantee who holds the legal title. It is true that a suit to quiet title on the part of one who holds only an equitable title to real property will not lie against one who owns the legal title. (*Chase* v. *Cameron*, 133 Cal. 231 [65 Pac. 460]; *Kennedy* v. *Scally*, 62 Cal. App. 367 [217 Pac. 96]; *County of Los Angeles* v. *Hannon*, 159 Cal. 37, 48 [112 Pac. 878].) The respondent asserts that because the suit to quiet title will not lie against the owner of the legal title, equity will not perform the idle act of vacating a judgment where it appears that another trial would result the same. This principle is also correct. (*Painter* v. *J. B. Painter Co.*, 133 Cal. 129 [65 Pac. 311]; *McCargar* v. *Bittleston L. & C. Agency*, 75 Cal. App. 770 [244 Pac. 110]; *Hogan* v. *Horsfall*, 91 Cal. App. 37 [266 Pac. 1002].) While it is true that the complaint of the appellants stated facts constituting only a suit to quiet title, the answer of the grantee Lorenz set up new matter and asked for affirmative relief, praying that the title be quieted in him. The new matter in the answer is deemed to have been denied and in spite of the nature of plaintiffs' original action, they have a right to interpose, against the defendants' claim of legal title, any equitable claim which they may possess, and upon a proper showing the grantee's title should be quieted subject to the valid equitable claim of the appellants. Based upon the facts alleged in the present case, a rehearing of the former case should therefore result in a different decree recognizing the claim of the appellants.

Finally, it is contended that in an effort to vacate the judgment, having unsuccessfully resorted to the remedy provided by section 473 of the Code of Civil Procedure, the appellants are now barred from applying to equity for the same relief. The remedies for relief from a judgment pro-

cured by fraud, mistake or excusable neglect, provided by section 473 of the Code of Civil Procedure, and the ordinary suit in equity are entirely distinct and cumulative. An unsuccessful resort to the first mentioned remedy does not bar an application to equity for relief. (15 Cal. Jur. 27, sec. 127; *Estudillo* v. *Security L. & T. Co.*, 149 Cal. 556, 561 [87 Pac. 19]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317]; *Herd* v. *Tuohy,* 133 Cal. 55, 63 [65 Pac. 139]; 3 Freeman on Judgments, 5th ed., p. 2488, sec. 1198.) In *Bacon* v. *Bacon, supra,* at page 484, it is said with respect to these different remedies: ''It (sec. 473, Code Civ. Proc.) is a cumulative remedy, and does not displace the remedy in equity. (*Baker* v. *O'Riordan,* 65 Cal. 368 [4 Pac. 232].) We have recently held not only that it does not displace the equitable remedy, but also that an adverse decision on such a motion does not necessarily bar a subsequent suit to vacate the judgment for the same cause.'' To the same effect the author of Freeman on Judgments, *supra,* says: ''The summary disposition of a question upon motion, resulting in a denial of the relief claimed, should not *ipso facto* preclude the party from obtaining the aid of chancery. . . . The denial of a motion to open a judgment should not of necessity preclude a court of equity from subsequently granting the relief denied at law. The decision of such motion is not such a *res adjudicata* as precludes equity from reexamining the question. The opening of a judgment in a court of law is usually *ex gratia,* while restraining the plaintiff from proceeding on the judgment is, in equity, more nearly a matter of right. The facilities for investigating the issues presented in the motion are usually much better in equity than at law, owing to the more summary character of the motion proceedings.''

We are of the opinion that the complaint in the present action alleges facts sufficient to state a cause of action against the defendants Thomas I. Young, Lillie E. Young and W. H. Lorenz justifying the aid of equity, and that the former application to vacate the judgment in the statutory proceeding does not bar the remedy here sought.

The complaint does fail to state a cause of action against the defendants A. L. Hubbell and Central Bank of Imperial Valley, and the judgment, so far as it applies to the last-mentioned defendants, is therefore affirmed. Otherwise the judgment is reversed and the trial court is directed to over-

rule the demurrers of the defendants Thomas I. and Lillie E. Young and W. H. Lorenz and permit them to answer the complaint.

Plummer, J., and Finch, P. J., concurred.