[S. F. No. 14584. In Bank.—January 11, 1933.]

HULDA BAKER, Respondent, v. LIONEL L. BAKER, Appellant.

Breed, Burpee & Robinson for Appellant.

Aaron Turner for Respondent.

WASTE, C. J. — Defendant appeals from a judgment vacating and setting aside a certain final decree of divorce theretofore entered in an independent action between the parties hereto. We need not pause to discuss the grounds warranting such relief, for admittedly the vacated divorce decree was the product of extrinsic fraud practiced by the appellant herein. Appellant's sole contention upon this appeal is that respondent has misconceived her remedy. It is the appellant's theory that having discovered the fraud within one month after the entry of the decree affected thereby, respondent should have moved to vacate in the divorce action, either under section 473 of the Code of Civil Procedure or by a motion addressed to the inherent jurisdiction of the court to purge its records of judgments and decrees fraudulently procured. The existence of these asserted ''exclusive'' legal remedies is said to preclude the institution and prosecution of the present equitable action. With this contention we cannot agree.

It is settled that equity will relieve an injured party from the effect of a judgment procured, as was the decree here vacated, by extrinsic fraud. (*Sohler* v. *Sohler,* 135 Cal. 323 [67 Pac. 282, 87 Am. St. Rep. 98] ; *Bacon* v. *Bacon,* 150 Cal. 477, 481 [89 Pac. 317] ; *Simonton* v. *Los Angeles T. & S. Bank,* 192 Cal. 651, 656 [221 Pac. 368] ; *Jeffords* v. *Young,* 98 Cal. App. 400, 404 [277 Pac. 163].) The fact that a party injured by a fraudulent judgment may move in the principal action to have the same set aside does not oust equity of its jurisdiction in this particular. The remedies are distinct and cumulative. The decisions are numerous to the effect that a suit in equity to vacate a judgment procured by extrinsic fraud may be prosecuted by the injured party even though there be available to him in the principal action a motion to vacate under section 473 of the Code of Civil Procedure. (*Bacon* v. *Bacon, supra,* p. 484; *Estudillo* v. *Security L. Co.,* 149 Cal. 556, 563, 564 [87 Pac. 19] ; *Baker* v. *O'Riordan,* 65 Cal. 368, 370, 371 [4 Pac. 232] ; *Jeffords* v. *Young, supra,* pp. 406, 407.)

This rule is well stated in *Bacon* v. *Bacon, supra,* p. 484, wherein it is declared: "It is true that section 473 of the Code of Civil Procedure provides that upon motion in the same cause or proceeding, instituted within six months after judgment, a party may be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. This would undoubtedly also include mistake superinduced by the fraud of the other party, and it does provide a new method whereby some relief can be obtained on motion, similar to that here sought by an independent suit. But this provision has never been considered as an exclusive method for the exercise of the equity jurisdiction, nor as an adequate substitute for the right to proceed by action. It is a cumulative remedy, and does not displace the remedy in equity. (*Baker* v. *O'Riordan, supra.*) We have recently held not only that it does not displace the equitable remedy, but also that an adverse decision on such a motion does not necessarily bar a subsequent suit to vacate the judgment for the same cause. (*Estudillo* v. *Security L. & T. Co.,* 149 Cal. 556 [87 Pac. 19]. Also, Freeman on Judgments, sec. 511; *Simpson* v. *Hart,* 14 Johns. (N. Y.) 63; *Wistar* v. *McManes,* 54 Pa. St. 318 [93 Am. Dec. 700].) It follows that the jurisdiction still remains, notwithstanding the provisions of that section."

That a motion to vacate may be made in the principal action independent of and subsequent to the period prescribed in section 473, *supra,* does not suggest a different conclusion. The remedy by way of equitable action, if seasonably pursued, as is the case here, is still available to the injured party. (*Aldrich* v. *Aldrich,* 203 Cal. 433, 438 [264 Pac. 754].) We are not now inclined to overrule or vary, as appellant would have us do, the well-established principle of law announced in the cases above cited and in others too numerous to mention.

The judgment is affirmed.

Curtis, J., Preston, J., Langdon, J., Thompson, J., Shenk, J., and Seawell, J., concurred.