[Civ. No. 6343. Third Appellate District.—June 10, 1940.]

ALBERT THOMAS GIAVOCCHINI et al., Minors, etc., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Executor, etc., et al., Respondents.

Frank F. Lamb for Appellants.

Louis Ferrari, Edmund Nelson, G. L. Berrey, George D. Schilling and Ray Meacham for Respondents.

PULLEN, P. J.—The three minors herein were beneficiaries under the will of their deceased father, Albert Lawrence

Giavocchini. The will was admitted to probate in the county of Orange, where these minors, through their guardian, had appeared and filed objections to the second current account of the executor, the defendant herein, Bank of America. After a hearing, the court allowed the account and denied the objections.

Thereafter these same minors by their guardian, filed an action in the county of Los Angeles, charging as they had in their objections to the approval of the account before the probate court in Orange County, that Bank of America, as executor, had in 1929, obtained an order to sell certain stocks belonging to the estate of the deceased father, but through the negligent and careless management of the estate this personal property was not sold until 1931, and in the interval between 1929 and 1931 the market value of the accounts had fallen, resulting in a loss of over $10,000 to the estate. They also charged other acts of irregularity and mismanagement, and prayed for judgment against the defendant bank.

Defendant bank answered this complaint denying the several allegations and set up the objection to the account filed by the minors in the probate court in Orange County, and the order of the court overruling the objections, and averred that plaintiffs were estopped from proceeding in the action for damages by reason of such judgment in Orange County, and that that judgment was *res judicata*. After a hearing thereon the Superior Court in Los Angeles County found in favor of defendant bank, and held that plaintiffs were estopped from maintaining this action. From that judgment this appeal is taken.

Appellants claim they are persons under disability within the meaning of section 931 of the Probate Code, and entitled to be heard.

Section 931 of the Probate Code provides:

"The order settling and allowing the account, when it becomes final, is conclusive against all persons interested in the estate, saving, however, to persons under disability, the right to move for cause to re-open and examine the account, or to proceed by action against the executor or Administrator or his sureties, at any time before final distribution; and in any such action such order is *prima facie* evidence of the correctness of the account."

With this contention of appellants we cannot agree. It is admitted that the order settling the account was regularly obtained and no attempt was made to allege or prove any fraud, intrinsic or extrinsic, or any irregularity, surprise, inadvertence or excusable neglect, or error of law occurred in the probate proceedings.

Section 1908 of the Code of Civil Procedure sets forth the general rule of the effect of judgments, that is that in the case of a judgment or order against a specific thing, or in respect to the administration of the estate of a decedent, or in respect to the condition of a person, the judgment is conclusive upon the title to the thing, the estate, or the condition of the person; in other cases the judgment or order is in respect to the matter directly adjudged, conclusive between the parties, provided they have notice of the pendency of the proceedings. The only exception to this rule is in section 931 of the Probate Code, which, as shown above, provides that an order settling an account is conclusive, ''saving, however, to persons under legal disability, the right . . . to proceed by action against the . . . administrator . . . at any time before final distribution, and in any such action such order is *prima facie* evidence of the correctness of the account''.

While no cases from our state are cited as to the right of minors to reopen an intermediate account, we do find authorities from other states, which seem to have taken the position against the contention here urged by appellants. (*Matter of Hood,* 90 N. Y. 512; *Davis* v. *Crandall,* 101 N. Y. 311 [4 N. E. 721]; *Matter of Tilden,* 90 N. Y. 434; *In re Hawley, etc.,* 100 N. Y. 206 [3 N. E. 68]; *Phillips* v. *Dusenberry,* 8 Hun, 348; *In re Brick's Estate,* 15 Abb. Pr. 12; see, also, *Robinson* v. *Floesch Const. Co.,* 291 Mo. 34 [236 S. W. 332; 20 A. L. R. 1239]; Freeman on Judgments, Fifth edition 878, and cases there cited.)

The effect of judgments against minors is stated in 14 California Jurisprudence, page 165, as follows:

''It is now, however, well settled that a provision giving an infant a day in court after reaching majority is unnecessary in a judgment, and that minors, like adults, are bound by final judgments to which they are parties. A minor has no further time than is granted an adult to attack the judgment against him for error. (Citing *Reed* v. *Ring,* 93 Cal. 96, 28 Pac. 851; *Welsh* v. *Koch,* 4 Cal. App. 571, 88 Pac. 604; *Estate of Lamb,* 6 Cof. Pro. 432.)''

In *Abels* v. *Frey,* 126 Cal. App. 48 [14 Pac. (2d) 594], an action was brought by minors to set aside a decree of distribution on the ground they were pretermitted heirs, and by reason of not knowing their rights, had failed to appear. In sustaining a judgment upon a demurrer to the complaint the court pointed out that the jurisdiction of the probate court was *in rem,* and by giving the proper notice the world was before the court, and whether a person appeared or not the action of the court was conclusive.

■ Section 931 apparently states no exception to the general rule in favor of minors except that it enlarges the time within which they may reopen the account. This section does not purport to state the grounds upon which the account may be reopened nor the allegations necessary to maintain an action. Such right is given them upon no less nor different grounds than are available to others, and the section in direct terms gives them such right to move to reopen *for cause.* Any judgment may be reopened or vacated in an equitable action for extrinsic fraud. (*Toberman* v. *Hildebrandt,* 72 Cal. 313 [14 Pac. 20]; *Estate of Grant,* 131 Cal. 426 [63 Pac. 731]; *Estate of McDougald,* 146 Cal. 191 [79 Pac. 878].)

Appellants cite and strongly rely upon *Ringwalt* v. *Bank of America,* 3 Cal. (2d) 680 [45 Pac. (2d) 967]. They draw the deduction therefrom that because final distribution had been made, for that reason only the minors there were precluded from maintaining the action. We do not believe the court so held. It only held that the complaint was insufficient to vacate a judgment because it lacked allegations of extrinsic fraud. In the cited case final distribution had been entered, whereas in the instant case the objection was to an annual account, and also in the cited case the minors had not appeared and objected to the account as here.

Without considering the sufficiency of the complaint which respondents claim does not state a cause of action, we believe enough has been said to justify the judgment in their favor. The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.