[Civ. No. 5202. Fourth Dist. Dec. 8, 1955.]

RENA S. PHILLIPS, Appellant, v. MILDRED C. PHILLIPS, Respondent.

William G. Junge, Lance D. Smith, Willard P. Netzley and Thomas L. Roquemore for Appellant.

L. Donald St. Clair for Respondent.

MUSSELL, J.—This is an action for equitable relief in which plaintiff seeks to set aside a judgment; to create and declare a constructive trust and for declaratory relief. Defendant Mildred C. Phillips demurred to the complaint and her demurrer, which is both general and special, was sustained by the trial court without leave to amend. Plaintiff appeals

from the judgment thereupon entered in favor of the defendant Mildred C. Phillips.

The sole question here involved is whether the trial court abused its discretion in sustaining the demurrer without leave to amend. █ The general rule is that it is an abuse of discretion to sustain without leave to amend a demurrer to an original complaint unless the complaint shows on its face that it is incapable of amendment. (*Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90, 107 [280 P.2d 1] ; *King* v. *Mortimer,* 83 Cal.App.2d 153, 158 [188 P.2d 502] ; *C. Dudley De Velbiss Co.* v. *Kraintz,* 101 Cal.App.2d 612, 617 [225 P.2d 969].) This rule applies irrespective of whether leave to amend is requested or not. (*MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 816 [161 P.2d 449] ; *King* v. *Mortimer,* 83 Cal.App.2d 153, 158, *supra;* Code Civ. Proc., § 472c.) █ It is also the rule that a judgment may be reopened or vacated in an equitable action for extrinsic fraud. (*Giavocchini* v. *Bank of America,* 39 Cal.App.2d 444, 447 [103 P.2d 603] ; *Baker* v. *Baker,* 217 Cal. 216 [18 P.2d 61].) █ In *Metzger* v. *Vestal,* 2 Cal.2d 517, 524 [42 P.2d 67], the court said:

"As types of extrinsic fraud, the courts of appellate jurisdiction of this state have adopted the classic definition, found in *United States* v. *Throckmorton,* 98 U.S. 61 [25 L.Ed. 93], in which the Supreme Court of the United States said: 'But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or *where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff*; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.' . . . The gravamen of the rule thus expressed lies in the fact that 'the unsuccessful

party has been prevented from exhibiting fully his case.' "
(*Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317, 322].)" (Italics ours.)

█ It is alleged in the complaint herein, inter alia, that at all times mentioned therein plaintiff has been a resident of the counties of Los Angeles and San Bernardino; that for many years last past defendant Harold B. Phillips owned certain real property therein described; that on February 5, 1946, plaintiff obtained a final decree of divorce from Harold B. Phillips under the terms of which he was required to pay plaintiff certain sums as support and maintenance for herself and two minor children; that on or about May 16, 1952, plaintiff notified defendant Harold Phillips to make the payments specified in said final decree; that on or about May 27, 1952, Harold Phillips conveyed the property involved to his then wife, Mildred C. Phillips; that plaintiff is informed and believes and therefore alleges that said conveyance was made without consideration and for the sole purpose of defrauding her; that plaintiff on or about January 26, 1953, obtained an execution in said action and levied upon the property; that on or about May 10, 1953, Mildred Phillips filed an action against plaintiff and Harold Phillips in Riverside County, being action number 56611; that said action was brought to quiet title to the property involved; that the summons therein was purportedly served upon plaintiff Rena S. Phillips by publication, although the said Mildred Phillips, plaintiff in said Riverside action, at all times knew that said Rena S. Phillips could be found; that on or about December 15, 1953, the decree "removing cloud of levy of execution" and quieting title in said action number 56611 became final, unknown to Rena S. Phillips; that she at no time had any notice, directly or indirectly, as to the filing of said action or as to any proceedings taken therein until on or about July 19, 1954, at which time her attorney was notified of the restraining order and judgment therein; that immediately thereafter she filed a motion in said action to set aside the judgment and said motion was granted by the court on condition that she deposit a bond in the sum of $5,000; that she is without means or funds to post said bond; that the conveyance by Harold Phillips to his wife was executed with the intent to hinder, delay and defraud Rena Phillips; that by reason of the facts alleged, said Rena Phillips has been prevented from asserting her defenses to the Riverside action, number 56611, and has been prevented from levying execution. In the second cause

of action plaintiff Rena Phillips alleged that the sum of $5,900, with interest, is due her under the Los Angeles decree and in a third cause of action she alleges that Mildred Phillips is holding the property involved in trust for the benefit of Harold Phillips; that a controversy exists between plaintiff and defendants, and that the court should make a declaration with the respective interests of the property. .

It does not appear that the complaint could not have been amended to state a cause of action for the equitable relief sought. It is evident from the record that plaintiff Rena Phillips was not personally served with summons in the action brought by Mildred C. Phillips. The affidavit for publication of summons shows that Rena S. Phillips could possibly be reached at a Los Angeles address. It is alleged in the complaint that Rena Phillips was at all times a resident of Los Angeles and San Bernardino counties and that she did not know that a judgment had been entered against her until July 19, 1954. These and other facts alleged indicate that a cause of action might be stated under the rules announced in the foregoing decisions and under the definition of extrinsic fraud quoted in *Metzger* v. *Vestal*, 2 Cal.2d 525, *supra*.

No abuse of discretion is shown in the trial court's ruling on the demurrer as to counts two and three of the complaint. The demurrer should have been overruled since the complaint could be amended to state a cause of action. (*Shook* v. *Pearson*, 99 Cal.App.2d 348, 351 [221 P.2d 757].)

■ Defendant Mildred Phillips argues that the demurrer was properly sustained on the grounds that there was another action pending for the same cause. This argument is based on the allegations in the complaint that Rena Phillips filed a motion under section 473 of the Code of Civil Procedure and that her motion was conditionally granted. However, it is held in *Baker* v. *Baker*, 217 Cal. 216, 218, *supra*, that section 473 of the Code of Civil Procedure has never been considered as an exclusive method for the exercise of the equity jurisdiction nor as an adequate substitute for the right to proceed by action; that it is a cumulative remedy, and does not displace the remedy in equity; and that an adverse decision on such a motion does not necessarily bar a subsequent suit to vacate the judgment for the same cause.

The judgment is reversed with directions to give plaintiff a reasonable time within which to amend her complaint.

Barnard, P. J., and Griffin, J., concurred.